**James Duvall RYDER, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 07–15–00003–CR**

Court of Appeals of Texas, Amarillo.

February 2, 2017

Discretionary Review Refused June 7, 2017

4. In the divorce decree, each party was responsible for his or her own attorney's fees.

Kristin Brown, for James Duvall Ryder.

Nicole M. Crain, Mark F. Pratt, for The State of Texas.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

1. TEX. PENAL CODE ANN. § 22.021(a)(1)B)(i) (West 2011).

2. TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

3. TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West 2011).

4. C.R. was four years old at the time of the alleged offenses. K.R. was five years old. The couple's third child was two years old but was not a victim of the offenses.

## OPINION

James T. Campbell, Justice

Appellant James Duvall Ryder appeals from his convictions by jury of the offenses of aggravated sexual assault of a child,[1] indecency with a child by contact[2] and indecency with a child by exposure[3] and the resulting concurrent sentences of 99, 20 and 10 years of imprisonment. Appellant raises several issues. We will affirm.

## Background

Appellant lived with his wife and three children.[4] In late 2009, the children went to live with a family friend, Karen Bush.[5] One day, shortly after the children moved in with Bush, she found K.R. and C.R. in the bedroom. Bush testified K.R. "had her pants and her panties down and [C.R.] had his mouth on her private area." Bush told the jury C.R. told her that their "daddy does it to [their] mommy" and also to K.R. Bush reported the incident to the Texas Department of Family and Protective Services but no finding of abuse was made. The investigation against appellant remained open for some time due to a lack of evidence because of the young ages of the children.

In April 2011, Bush made another report to the Department based on a statement by K.R. to her counselor. A forensic interview with K.R. was conducted during

5. The reasons for that move are unrelated to the offenses for which appellant was convicted. According to Bush, the children's mother called her, asking if she would take her three children for a short time while she and her husband resolved issues with the Texas Department of Family and Protective Services. The children lived with Bush for the next five years. The two younger children were still living with Bush at the time of trial. By that time, K.R. was living in a residential facility to receive treatment for emotional issues. K.R. returned to Bush's home on the weekends and during school holidays.

which K.R. told the interviewer her father "had sex" with her and "we took our clothes off me and my brother ... and we put our privates in our other privates." The interviewer testified K.R. told her that K.R.'s father touched K.R.'s genitals, touched her brother's genitals, and made the children touch his genitals until "white stuff came out." The interviewer testified K.R. also told her that K.R. and C.R. watched their parents have sex on several occasions and watched many "sex" movies with their parents. K.R. also testified at trial, relating to the jury several of these instances. Her testimony described her father's sexual assault by digital penetration of her sexual organ, and his sexual contact by causing her to touch his genitals.

After the jury found appellant guilty as charged and assessed punishment as noted, the trial court denied appellant's post-judgment motions and this appeal followed.

### Analysis

Sufficiency of the Evidence to Support Conviction

■ We will address appellant's last issue first. In that issue, appellant contends the evidence was insufficient to support his conviction for the offense of indecency with a child by exposure as charged in count three of the indictment.

■ In determining the sufficiency of the evidence, we must consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the "sole judge of a witness's credibility, and the weight to be given the testimony." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We consider only whether the jury reached a rational decision. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

■ The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2013); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.–Dallas 2006, pet. ref'd); *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.–Corpus Christi 2008, no pet.). The courts will give wide latitude to testimony given by child victims of sexual abuse. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc). The victim's description of what happened need not be precise and the child is not expected to communicate with the same level of sophistication as an adult. *Soto*, 267 S.W.3d at 332. Furthermore, corroboration of the victim's testimony by medical or physical evidence is not required. *Id.* And, "outcry testimony alone can be sufficient to sustain a conviction for aggravated sexual assault." *Rodriguez v. State*, 819 S.W.2d 871, 873–74 (Tex. Crim. App. 1991).

■ To prove its allegation in count three that appellant engaged in indecency with a child by exposure, the State was required to prove appellant, with a child younger than 17 years of age, with the intent to arouse or gratify the sexual desire of any person, exposed appellant's anus or any part of appellant's genitals, knowing the child was present. TEX. PENAL CODE ANN. § 21.11(a)(2)(A). The intent to

arouse or gratify the defendant's sexual desire may be inferred from a defendant's conduct and all surrounding circumstances. *Jones v. State,* 229 S.W.3d 489, 497 (Tex. App.–Texarkana 2007, no pet.). Although the evidence must show a child was present and the accused knew a child was present, it is not necessary that the child see the exposure for the offense to occur. *Yanes v. State,* 149 S.W.3d 708, 712 (Tex. App.–Austin 2004, pet. ref'd).

To support the indecency by exposure count, the State relied on evidence appellant and his wife engaged in sexual intercourse in front of K.R. and C.R. Appellant contends there was no evidence that if the children witnessed their parents having sexual relations, appellant knew of their presence, yet continued for his own sexual satisfaction.

The jury heard K.R., who was ten years old by the time of trial, testify she and her brother C.R. got into trouble after they moved to Bush's home when they "did something that ... our dad taught us." Asked what they did, she responded, "S-E-X." She described "S-E-X" as "[p]utting a boy's part in girl's part."[6] She went on to testify that her parents had "S-E-X" in front of her and her brother. She also testified her parents saw the children in the room while they were having sex but "they didn't care and they just kept on doing it." She also said, "Me and [C.R.], when I—we were watching them, they saw us watching them ... I seen them do it a bunch of times." From K.R.'s description of what she saw, it was reasonable for the jury to infer that appellant exposed his genitals and knew the children were present. *Hooper,* 214 S.W.3d at 13. Evidence

also showed appellant and his wife involved K.R. and C.R. in sexual activity in other ways. K.R. testified that her parents, with the children, watched movies showing sexual intercourse and that appellant performed sexual acts with her. Considering the entirety of this evidence, the jury rationally could have inferred appellant's exposure of his genitals in the presence of his children during intercourse was accompanied by the intent to arouse or gratify his sexual desire. The evidence is sufficient to establish the elements of indecency with a child by exposure. TEX. PENAL CODE ANN. § 21.11(a)(2)(a). Accordingly, we resolve appellant's last issue against him.

Jury Unanimity

■ We next address appellant's second issue, which also concerns the indecency by exposure count of the indictment. Here, appellant argues the trial court harmfully erred when it failed to require the jury to reach a unanimous verdict with regard to the identity of the victim of the indecent exposure.

■ In considering the potential jury-charge error, we first determine whether the charge contained error by allowing the possibility of a non-unanimous verdict. *Cosio v. State,* 353 S.W.3d 766, 771 (Tex. Crim. App. 2011).

The application paragraph contained in the jury charge relating to count three instructed the jury, in part:

> Now, if you find from the evidence beyond a reasonable doubt that ... the Defendant JAMES DUVAL RYDER, did then and there with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowing-

---

6. K.R.'s testimony adequately shows that by the terms "boy's part" and "girl's part" she was referring to their genitalia. *See Halbrook v. State,* No. 06-09-00204-CR, 2010 WL 2931070, at *3, 2010 Tex. App. LEXIS 5925, at *9–10 (Tex. App.–Texarkana July 28, 2010, no pet.) (mem. op., not designated for publication) (evaluating similar testimony by child).

ly expose the defendant's genitals, knowing that [K.R.] and/or [C.R.], a child(ren) younger than 17 years and not the defendant's spouse, were present, then you will find the Defendant guilty of the offense of Indecency with a Child–Exposure, as charged in Count 3 of the indictment.

■ Texas law requires that a jury reach a unanimous verdict about the specific crime the defendant committed. *Cosio*, 353 S.W.3d at 771 (citation omitted). This means that the jury must "agree upon a single and discrete incident that would constitute the commission of the offense alleged." *Id.* (citation omitted). The offense of indecency with a child by exposure is complete when a person unlawfully exposes himself in the required circumstances. *See Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011) (analysis in double jeopardy case). The actual exposure, not the number of children present, constitutes the unit of prosecution. *Id.* Accordingly, the trial court did not err in its charge by failing to require unanimity with regard to the identity of the child present. We resolve appellant's second issue against him.

Admission of Extraneous Offense Evidence

■ In his third issue, appellant complains of the trial court's admission of evidence of an extraneous offense, his sexual assault of another minor, K.W. The evidence consisted of the testimony of the victim's brother, L.W., that he witnessed the assault, and the testimony of Caleigh McKeen, that the child victim told her of the assault.

■ Appellant's issue is multifarious [7] because it addresses in one discussion the testimony of two witnesses, but we will separate them to dispose of the issue. The State proffered L.W.'s testimony as admissible under Rule of Evidence 404(b) and section 2 of article 38.37 of the Texas Code of Criminal Procedure. TEX. R. EVID. 404(b); TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2014).

■ A trial judge has wide discretion in the admission of evidence at trial. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex. Crim. App. 1990) (op. on reh'g). We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Under an abuse of discretion standard, we do not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement. *Id.* We will affirm the trial court's ruling if it was correct under any theory of law applicable to the case. *State v. Esparza*, 413 S.W.3d 81, 82 (Tex. Crim. App. 2013) (citations omitted).

Article 38.37 of the Texas Code of Criminal Procedure contains a rule of evidence applicable to certain types of sexual abuse cases. Sections 2 and 2-a of article 38.37 "allow evidence that a person had committed certain previous criminal offenses with any child victim to be admitted into trials for certain offenses with child victims." *Pugh v. State*, No. 06–14–00066–CR, 2015 WL 1699925, at *1, 2015 Tex. App. LEXIS 3663, at *3 (Tex. App.–Texarkana April 15, 2015, no pet.) (mem. op., not designated for publication), citing TEX. CODE CRIM. PROC.

---

7. A multifarious issue is "one that embraces more than one specific ground." *Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.–Houston [14th Dist. 2000, pet. ref'd) (citation omitted). An appellate court has the discretion to refuse to review such an issue. *Id.* But, an appellate court may consider a multifarious issue if it can determine, with reasonable certainty, the errors about which complaint is made. *Id.* (citation omitted).

ANN. art. 38.37, §§ 2, 2-a. Section 3 requires the State to "give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section ... 2 not later than the 30th day before the date of the defendant's trial." *Id.*, citing TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3. At a hearing under this provision, the judge is tasked with determining whether "the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id.*, citing TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

■ On appeal, appellant first contends the State failed to provide notice of its intent to offer the extraneous offense evidence thirty days before trial, as required by article 38.37. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3. A supplemental clerk's record was filed containing the State's notice, filed well in advance of trial. The State's notice was timely.

Before the jury heard L.W.'s testimony, the court held a hearing outside the jury's presence. Ten-year-old L.W. testified to an event that occurred while appellant and L.W.'s mother were living together, near Halloween in 2010. While his mother cooked supper, L.W. and appellant were sitting on couches near L.W.'s sleeping five-year-old sister K.W. L.W. told the court he saw appellant pull K.W.'s pants down and bite her "in the middle spot."[8] After L.W. testified, appellant called the boy's mother to the stand, who told the court this event did not happen. And appellant provided the court an arrest warrant affidavit seeking appellant's arrest for his offenses against K.R., in which the officer also related L.W.'s accusation appellant bit K.W. The affidavit goes on to

say the case arising from L.W.'s accusation, "has ... stalled due to lack of evidence." At the conclusion of the hearing, appellant argued L.W. should not be allowed to testify before the jury because the jury could not find beyond reasonable doubt that he committed the extraneous offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a(1). Appellant argued the affidavit amounted to a conclusion by the police officer that there was no probable cause even to bring a charge against appellant. The State responded that the officer could not have disbelieved L.W. or he would not have included the allegation in his arrest affidavit, and argued that L.W.'s testimony, if believed, would support a jury finding that appellant committed the offense against K.W. The court ruled L.W. would be permitted to testify to the jury about the extraneous offense.

In this Court, appellant contends the admission of L.W.'s testimony violated article 38.37. We apply the usual abuse of discretion standard to review of the trial court's decision on admissibility of evidence offered under article 38.37. *Pugh*, 2015 WL 1699925, at *4, 2015 Tex. App. LEXIS 3663, at *5–6. Here, its admissibility turned on the trial court's assessment of the credibility of the witnesses it heard and the weight to be given the evidence. We cannot say the trial court abused its discretion in finding L.W.'s testimony would support a rational jury's determination beyond a reasonable doubt that appellant committed the extraneous offense against K.W.

As noted, appellant's argument under this issue also challenges McKeen's testimony as violating article 38.37. McKeen testified that she and the father of L.W.

---

8. The prosecutor confirmed that by "middle spot" the witness meant K.W.'s "private area."

and K.W. were living together at the time of the Halloween 2010 incident. She told the jury she went with their father that evening to get the two children from their mother's home. Later that evening, she said, K.W. crawled into bed with her, "whining" and "complaining." McKeen noticed a "bruise" on K.W.'s arm. And K.W. started "rubbing her private area and was telling me that it hurt" because appellant "bit [her]."

At a point in McKeen's testimony, appellant raised an objection, which counsel voiced as "I'm objecting on the same reasons that I objected to all the testimony from [L.W.]". As we have noted, appellant's objection to L.W.'s testimony, raised at the end of the hearing outside the jury's presence, was that the jury could not reasonably find appellant committed the offense he described.

In this Court, appellant argues "there was no out-of-jury-presence hearing" as to McKeen's testimony. Appellant is correct, but appellant never raised that objection with the trial court. Such an objection cannot have been included within appellant's statement that he "objected on the same reasons" as those he raised against L.W.'s testimony because L.W. did testify outside the jury's presence. Appellant here argues also that McKeen's testimony to K.W.'s statement was hearsay, but neither was that objection raised with the trial court. Finally, appellant complains that the court's failure to hear McKeen's testimony before admitting it rendered it "impossible" for the court to make the "necessary finding" under Rule of Evidence 403. But, again, no Rule 403 objection was voiced to the trial court. *See Montgomery*, 810 S.W.2d at 389 (rule 403 must be specifically invoked to preserve error). As applied to McKeen's testimony, we find appellant's contentions under his third issue present nothing for our review. Tex. R. App. P. 33.1.

The State further argues that appellant's contentions under this third issue, as to both witnesses, are meritless because their testimony was properly admitted under Rule 404(b). *See* Tex. R. Evid. 404(b) (providing extraneous offenses may be admissible for purposes other than character conformity, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident); *Blackwell v. State*, 193 S.W.3d 1, 12 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (finding defensive theory that appellant lacked intent to commit the offense was introduced into the case and was subject to rebuttal by the State under rule 404(b)). One of appellant's defensive theories was that K.R.'s outcry was merely the result of her misunderstanding of things she had seen in her home or on television and that any contact was incidental and not intentional. Disposition of appellant's third issue does not require us to consider the Rule 404(b) aspects of the issue further. The issue is overruled.

Ex Post Facto Law

■ In his fourth issue, appellant contends his conviction must be reversed because the admission of evidence under article 38.37, section 2 of the Texas Code of Criminal Procedure is the application of an unconstitutional ex post facto law.

■ To constitute an ex post facto law, a statute must: (1) punish as a crime an act previously committed that was innocent when committed; (2) aggravate a crime and make it greater than it was when committed; (3) inflict a greater punishment than the law annexed to the crime when committed; or (4) alter the legal rules of evidence such that less or different evidence is needed in order to convict the offender. *McCulloch v. State*, 39 S.W.3d 678, 682–683 (Tex. App.–Beaumont 2001, pet. ref'd), *citing Carmell v. Texas*, 529

U.S. 513, 521–25, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000); *see Sepeda v. State*, 280 S.W.3d 398, 400–01 (Tex. App.–Amarillo 2008, pet. ref'd).

Article 38.37 has long allowed admission of evidence of extraneous offenses involving the same child victim to show the state of mind of the defendant and the child as well as the relationship between the defendant and the child, rules of evidence 404 and 405 notwithstanding. TEX. CODE CRIM. PROC. ANN. art. 38.37. The article was amended in 2013 to add the present sections 2 and 2-a. TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2(b), 2-a. As we have noted, those sections do not contain the limitation that the extraneous offense must involve the same child victim. *See Pugh*, 2015 WL 1699925, at *2, 2015 Tex. App. LEXIS 3663, at *2–3 (setting out legislative history). Section 2(b) permits, if the requisite procedure in section 2-a is followed, admission of evidence of certain extraneous offenses with any child, not just the current victim, "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); *see Nolen v. State*, No. 02–15–00159–CR, 2016 WL 7405795, at *7, 2016 Tex. App. LEXIS 13614, at *12 (Tex. App.–Fort Worth, Dec. 22, 2016, no pet. h.) (mem. op., not designated for publication); *Baez v. State*, 486 S.W.3d 592, 600 (Tex. App.–San Antonio 2015, pet. ref'd), *cert. denied*, —— U.S. ——, 137 S.Ct. 303, 196 L.Ed.2d 217 (2016); *Dominguez v. State*, 467 S.W.3d 521, 526 (Tex. App.–San Antonio 2015, pet. ref'd) (all addressing admission of different-victim extraneous offense evidence under art. 38.37, section 2).

The State's evidence showed appellant's extraneous assault of K.W. occurred in 2010. Appellant worries that by allowing admission of other-victim extraneous of-

fense evidence for any relevant purpose, including the character of the defendant and acts performed in conformity therewith, the 2013-amended article 38.37 permits a jury to determine a defendant's guilt on the charged offense simply by believing the evidence of the extraneous criminal acts. In this case, appellant argues, the jury could have convicted him of assaulting K.R. "solely on its determination, beyond a reasonable doubt, that he sexually assaulted K.W."

The State disagrees. Its brief responds: Even with the changes to [article 38.37] in the 2013 legislature, the statute does not lessen or change the required evidence in any way. The state still has to prove each element of the offenses charged, and this cannot be achieved by the offering of an extraneous offense alone. The state still must prove the victim alleged in the indictment was harmed in the manner alleged in the indictment, and cannot do so solely on the basis of the extraneous offense.

We agree with the State's characterization of its burden. The other Texas courts who have considered an ex post facto contention as to the amended section 2 of article 38.37 also agree with the position the State asserts. In *Baez* the court observed that "section 2(b) does not allow extraneous offense evidence to be offered as substantive evidence of guilt. The State must still satisfy its burden of proof as to each element of the offense." 486 S.W.3d at 600. Likewise, the court in *Dominguez*, faced with the same contention, concluded that section 2(b) of article 38.37 "allows testimony regarding other extraneous offenses to show character conformity. The statute neither changes the State's burden of proof to support a conviction for sexual assault of child nor lessens the amount of evidence required to sustain a conviction." 467 S.W.3d at 526. *See also Nolen*, 2016

WL 7405795, at *8, 2016 Tex. App. LEXIS 13614, at *21 (agreeing with *Dominguez* and *Baez* and finding that, "notwithstanding rules of evidence 404 and 405, the statute simply provides that a specific type of evidence will be admissible on certain relevant matters"). We agree with our sister courts on this point, and reject appellant's contention the 2013 amendments to article 38.37 altered the legal rules of evidence to permit a conviction on less or different evidence. *See McCulloch*, 39 S.W.3d at 682–83.

Appellant argues also that the State's ability under the amended article 38.37 to rely on extraneous offense evidence as substantive evidence of his guilt of the charged offenses means that he effectively was punished for an act previously committed that was "innocent"[9] when committed; and that, when used as substantive evidence of his guilt, the law now inflicts a greater punishment on his extraneous conduct than when it was committed. *See McCulloch*, 39 S.W.3d at 682–83. For the same reason we have rejected appellant's initial argument, we disagree with these contentions as well. Appellant's premise is mistaken; the evidence of his extraneous offense against K.W. would not alone support his conviction for offenses against K.R. *See Baez*, 486 S.W.3d at 600. And appellant does not challenge the sufficiency of the evidence supporting his convictions for aggravated sexual assault of K.R. and indecency with K.R. by contact.

The application of the amended version of article 38.37 to appellant does not violate the ex post facto prohibition. We resolve appellant's fourth issue against him.

### Limiting Instruction for Extraneous Offense Evidence

 Appellant's first issue, like his fourth issue, is based on his concern that the jury could have convicted him merely by believing the evidence of the extraneous offense against K.W. His first issue contends the court's charge caused him egregious harm because it failed to instruct explicitly that extraneous offense evidence offered under rule of evidence 404(b) could not be used to convict him but could be considered only for the limited purpose for which it was offered. He argues that because the trial court did not provide the jury "a specific instruction as to what this evidence could not be used for, the charge left the jury with a mistaken understanding of the law in the case." We overrule the issue.

 We begin by noting the settled law that if an opposing party fails to request a limiting instruction at the time evidence is admitted, the evidence is admitted for all purposes. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) ("Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes"); *Hammock v. State*, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001). If the evidence is admitted for a limited purpose, the court is required to give a limiting instruction, but only if the party opposing the evidence requests. *Delgado*, 235 S.W.3d at 251; *Hammock*, 46 S.W.3d at 893. And, in the absence of a request for a limiting instruction made when the evidence is admitted, an instruction limiting its consideration is not a part of "the law applicable to the case" under Code of Criminal Procedure article 36.14, so the

---

9. Appellant acknowledges his assault against K.W., if it occurred, was not literally innocent, but contends it should be treated as innocent for purpose of the ex post facto analysis because it could not, prior to the 2013 amendment to article 38.37, be considered as substantive evidence of his guilt of the charged offenses.

court has no obligation to include such an instruction in the jury charge. TEX. CODE CRIM. PROC. ANN. art. 36.14; *Hammock*, 46 S.W.3d at 895; *Irielle v. State*, 441 S.W.3d 868, 880 (Tex. App.–Houston [14th Dist.] 2014, no pet.).

Appellant objected to the admission of testimony from L.W. and Caleigh McKeen concerning his assault of K.W., but he made no request for a limiting instruction when they testified. Their testimony thus was before the jury for all purposes. *Delgado*, 235 S.W.3d at 251; *see Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) ("A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge"). For that reason, the court did not err by failing to charge the jury with an instruction "as to what this evidence could not be used for."

Nonetheless, the trial court included in its charge the following instruction:

The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. The evidence was admitted only for the purpose of assisting you, if it does, for the purpose of [sic] showing the defendant's motive, intent, or knowledge, if any. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that the defendant committed these acts, if any, were committed.

No objection was raised to the court's charge at the charge conference. That the court was not obligated to instruct the jury to limit its consideration of evidence of appellant's assault on K.W. does not mean that the court erred by doing so. As can be seen, the limitation described in the instruction is consistent with evidence admitted under Rule of Evidence 404(b). We previously have noted that the State proffered L.W.'s testimony as admissible under Rule 404(b) and under section 2 of article 38.37. In comparable situations, courts have found no error from limiting instructions given without request. *See Irielle*, 441 S.W.3d at 880; *Rahim v. State*, No. 06–14–00147–CR, 2015 WL 2437509, at *3–4, 2015 Tex. App. LEXIS 5233, at *10 (Tex. App.–Texarkana May 22, 2015, no pet.) (mem. op., not designated for publication). The rationale of those cases is applicable to appellant's complaint here.[10]

Ineffective Assistance of Counsel

■■■ Via his fifth issue, appellant asserts his counsel's performance at trial was deficient because he failed to secure the presence of a material witness for trial and the deficiency prejudiced appellant and violated his Sixth Amendment right to effective assistance of counsel. The witness was an expert retained by appellant's trial counsel.

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *See* U.S. CONST. AMEND. VI. To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceed-

---

**10.** Other courts have found no harm to the defendant in such limiting instructions. *See Longoria v. State*, No. 01–15–00213–CR, 2016 WL 6755772, 2016 Tex. App. LEXIS 12222 (Tex. App.–Houston [1st Dist.] Nov. 15, 2016, no pet.) (mem. op., not designated for publi-

cation), citing *Fair v. State*, 465 S.W.2d 753, 755 (Tex. Crim. App. 1971); *Gilmore v. State*, No. 01–09–00260–CR, 2010 WL 987733, 2010 Tex. App. LEXIS 1944 (Tex. App.–Houston [1st Dist.] March 18, 2010, pet. ref'd) (mem. op., not designated for publication).

ing would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citation omitted). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* We presume that a counsel's conduct falls within the wide range of reasonable professional assistance, and we will find a counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (citation omitted).

The Court of Criminal Appeals has stated that "[i]n making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The court further noted that demonstrating ineffective assistance of counsel on direct appeal is "a difficult hurdle to overcome." *Id.* "[T]he record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Id.* (citations omitted).

The general rule is that the failure to call a witness does not constitute ineffective assistance of counsel without a showing that the witness was available to testify and that his testimony would have benefitted the defendant. *Cate v. State*, 124 S.W.3d 922, 928 (Tex. App.–Amarillo 2004, pet. ref'd), citing *Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986); *Johnston v. State*, 959 S.W.2d 230, 236 (Tex. App.–Dallas 1997, no pet.).

The court held a post-trial hearing regarding appellant's assertion his counsel was ineffective because he failed to present the expert witness on memory and memory development in children with whom counsel had contracted. Counsel intended to and had promised the jury in his opening statement that he would present the expert to support his defensive theory that the "children were just mistaken about what they saw and had created the events that they described from things that they had viewed within the home." Counsel paid the expert witness $1000 for his services.[11] The attorney and the witness engaged in an email exchange regarding the date and time to testify. In his affidavit, the expert stated he did not receive the information in time for him to appear. Counsel did not subpoena the witness and the witness did not appear. Counsel testified at the hearing that there was not a strategic reason for his failure to subpoena the expert and that "regrettably" such conduct rendered him ineffective.

Assuming, without deciding, both that counsel's performance fell below an objective standard of reasonableness and that the expert was both available and his testimony would have benefitted appellant, we agree with the State that appellant has not met his burden to show a "reasonable probability" that, but for this error, the result of the trial would have been different. As noted, Texas law requires appellant to meet both prongs of *Strickland*. A defendant does not meet his or her burden by merely showing that an error had some

---

11. When he did not testify, the expert returned the $1000 check uncashed.

conceivable effect on the outcome of the trial. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052. The defendant must show a "reasonable probability" that, but for the error, the result of the trial would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Thompson,* 9 S.W.3d at 812 (citation omitted).

The expert had not examined any of the children involved in the case, but was to testify in support of the defensive theory that the children's allegations against appellant were mistakes, creations, or fabrications. In essence, appellant's defense asserted the children were not remembering true events but rather had a mistaken or created memory of events that never actually happened.

The substance of the expert's planned testimony was described in an exhibit to his affidavit. We have reviewed the lengthy exhibit. The State argues that had the witness been asked to testify in accordance with the exhibit, evidentiary objections would have precluded his expression of any but the most general conclusions or opinions, and we agree. Even trial counsel told the court at the hearing that the expert had not been provided with much information regarding appellant's case because counsel "wanted him to just basically testify as to generalities and not specifically to this situation." The exhibit discusses subjects that likely would have relevance to appellant's case but includes also discussion of eyewitness testimony and related subjects that likely would not have been relevant. We can accept the proposition that the expert's testimony might well have given appellant's counsel a basis for an argument that the children's memories, in theory, might have been affected by the processes and weaknesses discussed in the exhibit. But, in support of a contention his counsel was ineffective, appellant was required to present to the trial court a "reasonable probability" that the result of the trial would have been different had the expert testified. We agree with the State that appellant's effort on that point is not persuasive. When evaluating the potential impact of the expert's theoretical testimony on children's memory, it must be remembered that the events that lead to appellant's prosecution did not begin merely with a child's outcry. They began with Bush's observation of sexual behavior by K.R. and C.R., and C.R.'s explanation to Bush that his father did those things to his mother and his sister.

Appellant has made no showing of how the assertedly-deficient performance of trial counsel raises a reasonable probability the result of the trial would have been different. We overrule appellant's fifth issue.

Motion for New Trial

Appellant's sixth issue presents the same contention as his fifth, here arguing the trial court abused its discretion, harming appellant, by denying appellant's motion for a new trial. It too is founded on his claim his counsel was ineffective because he failed to secure the testimony of the expert about memory and memory development in children.

A trial court's ruling denying a defendant's motion for new trial is reviewed under an abuse of discretion standard of review. *Holden v. State,* 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Charles v. State,* 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). At a motion for new trial hearing, the trial court is the trier of fact and the sole judge of the credibility of the witnesses. *Melton v. State,* 987 S.W.2d 72, 75 (Tex. App.–Dallas 1998, no pet.), *citing Lewis v. State,* 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

As discussed in our disposition of appellant's fifth issue, the trial court had before it the testimony of appellant's trial counsel and the potential trial testimony of the expert. The court could have found appellant failed to satisfy his burden to show the reasonable probability the outcome of his trial would have been different had the expert witness testified. For that reason, the trial court did not abuse its discretion in failing to find appellant entitled to a new trial. We overrule appellant's sixth issue.

Conclusion

Having resolved each of appellant's issues against him, we affirm the judgment of the trial court.