

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00059-CR

MICHAEL WAYNE BELLAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court, Oldham County, Texas
Trial Court No. OCR-16A-001, Honorable Kent Birdsong, Presiding

November 16, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Michael Wayne Bellar appeals his conviction for indecency with a child.[1]  Two issues pend for our review.  The first concerns the sufficiency of the evidence to support the conviction and the second, the alleged ineffectiveness of his trial attorney.  We affirm.

---

[1] For purposes of this appeal, we call the victim "Laura."

*Issue One – Sufficiency of the Evidence*

Appellant initially contends that the jury verdict and his conviction should be reversed because no evidence corroborated the victim's testimony and it was geometrically impossible to do what he purportedly did. We overrule the issue.

The testimony of a child alone is sufficient to support a conviction for indecency with a child if the victim informed anyone other than the defendant of the offense within one year after it happened. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2018); *Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd). Yet, the requirement to inform another person is inapplicable if the victim was 17 years old or younger when the offense occurred. TEX. CODE CRIM. PROC. ANN. art. 38.07(b)(1).

Here, the State charged appellant, via indictment, with "engag[ing] in sexual contact with [Laura] by pulling the underwear of [Laura], a child younger than 17 years of age, and not the spouse of [appellant], in order to expose the genitals of [Laura]." He purportedly did this with "the intent to arouse or gratify" his "sexual desire." Evidence offered to establish the accusation consisted, among other things, of Laura's testimony. She testified that she stood in front of appellant (Laura's grandfather) who was sitting on her bed. She wore panties, a bra, and a robe at the time because she was in the process of preparing for work when appellant entered her room. Appellant's eyes were about level to her bustline as he pulled the front of her panties about 5.5 inches from her belly. Then, he leaned forward and looked down into her panties. When asked if appellant saw her vagina, she answered yes. This was after he had her sit on his lap while she was scantily garbed and smoked a cigarette. The incident occurred when Laura was 15.

A person commits indecency with a child when, with a child younger than 17 years old, the person, with intent to arouse or gratify the sexual desire of any person causes the child to expose the child's genitals. TEX. PENAL CODE ANN. § 21.11(a)(2)(B) (West Supp. 2018). The evidence we mentioned above is evidence upon which a rational fact-finder could find, beyond reasonable doubt, that appellant committed the offense of indecency with a child. *See Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018) (stating that when assessing the sufficiency of the evidence to support a conviction, the reviewing court considers whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt). That appellant may have denied it or thought it geometrically impossible to peer down his granddaughter's underwear when sitting on the bed simply created a fact dispute for the jury to decide. We cannot interfere with the manner in which it resolved that dispute. *See id.* (stating that the standard of review requires an appellate court to defer to the fact-finder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts).

*Issue Two – Ineffective Assistance*

Next, appellant contends that he was denied the effective assistance of counsel because his trial attorney did not object to two instances of purported bolstering. We overrule the issue.

To succeed on a claim of ineffective assistance, the appellant must prove by a preponderance of the evidence that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Prine v. State*, 537 S.W.3d 113, 116-17 (Tex. Crim.

App. 2017); *Sauseda v. State*, No. 07-17-00100-CR, 2018 Tex. App. LEXIS 7811, at *3-4 (Tex. App.—Amarillo Sept. 25, 2018, no pet. h.) (mem. op., not designated for publication).  The failure to establish one or the other element results in the rejection of the claim.  *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Illustrating prejudice requires the complainant to show that there was a reasonable probability that but for the deficient performance, the result would have differed.  *Id.*  Here, appellant argues that if trial counsel had objected to the purported evidence of bolstering, the jury would not have heard the inflammatory and prejudicial evidence from the State's expert witness.  He did not attempt to explain how the outcome would have differed, whether the difference be in the finding of guilt or the sentence imposed.  Indeed, he did not even posit that there would have been a different outcome.  Having failed to address the prejudice element of the test, he did not establish his entitlement to relief.  *Ladd v. State,* 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (holding that because the appellant made no effort to illustrate prejudice, the omission precluded any relief).  Thus, we need not decide whether trial counsel's performance was deficient.  *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), when stating that "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed'").

We overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

4