

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00138-CR
_____

GABRIEL MARQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 073515-A-CR, Honorable Dan Schaap, Presiding

April 16, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., PIRTLE, and DOSS, JJ.

Gabriel Marquez appeals his conviction for indecency with a child by sexual contact. His sole issue concerns the sufficiency of the evidence underlying the verdict of guilty. He questions whether the evidence proved he touched his stepdaughter's breast on different occasions with the requisite intent to arouse or gratify the sexual desire of any person. According to the victim, the first instance occurred as she attempted to sleep on a couch. Appellant placed his hand under her shirt and rested it atop one of her breasts. Her bra lay between his hand and her breast. The incident lasted a "couple of

minutes," and she was fourteen years old at the time. The second instance occurred about a year later and after appellant returned from delivering the victim's mother to work. The victim was again laying on the couch when appellant "laid with" her. He attempted to remove her belt, met with no success, and then placed his hand under her shirt and atop her bra and breast. His hand again remained there for a couple of minutes. We affirm.

A person commits a crime if, "with a child younger than 17 years of age, . . . [he] engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019). The legislature defined "sexual contact" as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if done "with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1). The standard of review we apply in assessing whether appellant committed this crime was described in *Braughton v. State*, 569 S.W.3d 592, 607–08 (Tex. Crim. App. 2018), and we apply it here.

Again, appellant only questions whether the State proved his touching the minor on the breast was done with the intent to arouse or gratify sexual desire. We previously said that the aforementioned intent may be inferred from a defendant's conduct and the surrounding circumstances. *Ryder v. State*, 514 S.W.3d 391, 396–97 (Tex. App.—Amarillo 2017, pet. ref'd). An oral expression of intent need not be shown. *Abbott v. State*, 196 S.W.3d 334, 340–41 (Tex. App.—Waco 2006, pet. ref'd).

An accused's moving his hand in a circular motion atop a child's breast has been held as sufficient evidence to permit a rational jury to reasonably infer, beyond reasonable doubt, that the action occurred with the intent to arouse and gratify sexual desire. *See,*

2

*e.g., Fetterolf v. State*, 782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). Though appellant seems to acknowledge that, he would have us conclude that evidence of mere touching without attendant motion does not support a like inference. Yet, in making that argument, he fails to address other circumstances illustrated by the record. For instance, to touch the breast in both instances, he had to expend effort to achieve his goal. That effort included working his hand under the victim's shirt during the first occasion while attempting initially to unfasten the minor's belt before working his hand up her shirt on the second. So too did both instances happen at a time when the victim appeared vulnerable to his efforts, that is, while she slept or attempted to sleep on the couch. And, most importantly, his hand lay atop the breast for several minutes on both occasions. The totality of these circumstances was and is sufficient to permit a rational fact-finder to reasonably infer, beyond reasonable doubt, that appellant engaged in the sexual contact with the requisite intent to arouse his sexual desire.

We overrule the sole issue and affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

3