

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00393-CR

CARLOS EUGENO SERRANO,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

---

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 21-26567**

---

## MEMORANDUM OPINION

---

A jury found Carlos Serrano guilty of the third-degree felony offense of evading arrest or detention in a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A). The jury assessed his punishment at eight years in the penitentiary and a fine in the amount of $10,000. The trial court sentenced Serrano accordingly.

## Background

On February 8, 2021, Deputy Tony Dingianni with the Coryell County Sheriff's Department observed a red Ford Mustang traveling at a high rate of speed, which radar confirmed was traveling at eighty-five miles per hour. Dingianni pursued the Mustang, which did not initially stop, although Dingianni was eventually able to stop the Mustang. Once stopped, Serrano exited the Mustang and ran into a nearby wooded area. To assist in the search for Serrano, a canine unit was called to the scene. The canine was able to track Serrano and found him hiding near a tree in some vegetation. Serrano was taken into custody and transported to jail. Dingianni inventoried Serrano's vehicle and found a crystal substance believed to be methamphetamine next to the driver's seat.

## Issue

Serrano contends on appeal that a limiting instruction in the jury charge was egregiously harmful because it went far beyond the proffered reason of motive as a basis to introduce evidence that methamphetamine was found in Serrano's vehicle.

AUTHORITY

We review alleged jury-charge error in the trial court, whether preserved or unpreserved. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id*. If error did occur, whether it was preserved or unpreserved will determine the degree of harm required for reversal. *Id*. If a timely objection to the jury instruction was not lodged,

"reversal is required only if the error was so egregious and created such harm that the defendant did not have a fair and impartial trial." *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016).

DISCUSSION

When the State sought to introduce evidence that methamphetamine had been found in Serrano's vehicle, Serrano objected to its relevance. The State argued such evidence went to Serrano's motive to evade. The trial court allowed the State to proceed with the question, and Dingianni replied that he found methamphetamine next to the driver's seat in Serrano's vehicle. Serrano did not request a limiting instruction at the time evidence of methamphetamine was admitted.

Failure to request a limiting instruction at the time evidence is admitted results in the evidence being admitted for all purposes. *Ryder v. State*, 514 S.W.3d 391, 402 (Tex. App.—Amarillo 2017, pet. ref'd) (citing *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007)).

> [I]n the absence of a request for a limiting instruction made when the evidence is admitted, an instruction limiting its consideration is not a part of "the law applicable to the case" under Code of Criminal Procedure article 36.14, so the court has no obligation to include such an instruction in the jury charge.

*Id.* at 402–03 (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). Regardless, the trial court included the following limiting instruction for evidence admitted under Rule 404(b):

> The defendant is on trial solely on the charge contained in the indictment. If there has been testimony or other evidence introduced that

defendant participated in crimes or misconduct other than the offense charged in the indictment in this case, this testimony or other evidence was admitted only for the purpose of assisting you, if it does, *for the purpose of showing the defendant's motive, intent or knowledge, of rebutting any defensive theory or of showing lack of mistake or accident,* if any, in connection with the charge in the indictment in this case, and for no other purpose. You cannot consider such testimony and evidence unless you first find and believe beyond a reasonable doubt that the defendant committed the extraneous crimes or misconduct. [Emphasis added.]

The trial court was not required to instruct the jury to limit its consideration of the evidence of methamphetamine, but its doing so does not necessarily mean that the trial court erred. *See id*. at 403; *Steggall v. State*, No. 10-17-00017-CR, 2018 WL 3763747, at *2 (Tex. App. —Waco Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that trial court is not required to include limiting instruction in jury charge but is not prohibited from including such instruction in jury charge when no instruction was requested when evidence was admitted). Here, the trial court's instruction properly limited the jury's consideration of the extraneous offense evidence in determining Serrano's motive along with "intent or knowledge, of rebutting any defensive theory or of showing lack of mistake or accident," which amounted to surplusage that the jury could readily disregard because those issues were not pertinent to the trial. *See Blackwell v. State*, 193 S.W.3d 1, 16 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Assuming without deciding that the limiting instruction amounted to error, we conclude the instruction was not egregiously harmful to Serrano.

Serrano's sole issue is overruled. We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,*
      Justice Johnson, and
      Justice Smith
      *(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed August 30, 2023
Do not publish
[CR25]

