**Affirmed and Memorandum Opinion filed October 10, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00632-CR**

---

**WAYLAND RAY GRIGGS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 90607-CR**

---

## MEMORANDUM OPINION

Appellant Wayland Ray Griggs appeals his convictions on two counts of aggravated sexual assault of a minor. A jury convicted appellant and assessed his punishment at 10 years in prison and a $5000 fine for each count. In a single issue on appeal, appellant contends that the evidence was insufficient to support the convictions. We affirm.

### *Governing Law*

As stated, in his sole issue, appellant challenges the sufficiency of the evidence to support his convictions. In reviewing the sufficiency of the evidence, we view all the evidence presented at trial in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id.* This standard applies equally to both circumstantial and direct evidence. *Id.* Each fact need not point directly and independently to the appellant's guilt so long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Appellant was tried for four counts of aggravated sexual assault of a child under the age of 14 for allegedly causing the sexual organ of complainant C.C. to contact appellant's mouth. *See* Tex. Penal Code § 22.021(a). The only difference in the four charges was the alleged date of the offenses, each alleging an offense occurred "on or about" a specific date in June 2020. A jury found appellant guilty on two of the four charges.

### *The Evidence*

Evidence at trial indicated that at the time of the alleged offenses, appellant was living in an apartment with C.C., C.C.'s mother, and C.C.'s younger brother.

Appellant was the father of C.C.'s older two siblings. C.C. testified that appellant would watch her and her brother at the apartment while their mother was at work. According to C.C., appellant told her at one point when she was ten years old that he had arranged a race between C.C. and the daughter of a friend of his. Appellant further said that to prepare for the race, C.C. needed to stretch, and he offered to help her stretch. He called her out of the room she shared with her brother, took her to the room appellant shared with C.C.'s mother, and instructed her to remove her pants and underwear. Appellant then told her to lie on the bed, and he placed a pillow on her stomach. According to C.C., while massaging her legs, appellant then licked her vagina. C.C. further stated that appellant did this behavior on at least four separate days. C.C. testified that not long afterwards, when her family went to see her grandparents for Father's Day, she sent a message on a messenger app telling her mother what had happened. This would place the timing of the offenses in June 2019.

In her testimony, C.C.'s mother confirmed details regarding C.C.'s outcry statement and also noted that during the time of the alleged assaults, C.C.'s demeanor had changed; she cried a lot, was withdrawn, did not want to be hugged, and said she "felt yucky." Mother also noted that she remembered seeing the pillows on her bed being out of place on days during that time period. And she asserted that when she confronted appellant about the allegations, he seemed to know what the allegations were before she told him. After C.C.'s mother reported the allegations to the police, she was instructed to take C.C. to a hospital. The nurse who examined C.C. at the hospital testified regarding the description of the assaults that C.C. provided during the examination. C.C.'s earlier description of the assaults closely matched her testimony at trial.

Appellant also testified at trial. He denied sexually assaulting C.C. and

explained that he had gotten into an argument with C.C.'s mother on Father's Day of that year. He suggested that C.C.'s mother may have manufactured the allegations against him because she was angry with him.

### *Discussion*

In challenging the sufficiency of the evidence, appellant expressly acknowledges several well-established legal precepts. First, the uncorroborated testimony of a child seventeen years of age or younger is sufficient to support a conviction for aggravated sexual assault of a child. Tex. Code. Crim. Proc. art. 38.07; *Bautista v. State*, 619 S.W.3d 374, 378 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Second, "outcry testimony alone can be sufficient to sustain a conviction for aggravated sexual assault." *Rodriguez v. State*, 819 S.W.2d 871, 873–74 (Tex. Crim. App. 1991); *Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd). Third, an intent to commit an offense can be inferred from a defendant's conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Lewis v. State*, 672 S.W.3d 541, 548 (Tex. App.—Houston [14th Dist.] 2023, no pet.). And fourth, the "on or about" date alleged in an indictment is an approximation that allows the State to prosecute a defendant for acts occurring anterior to the presentment of the indictment and within the limitations period. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988); *Hendrix v. State*, 150 S.W.3d 839, 853 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Here, we have detailed testimony regarding the assaults by the victim, C.C.; detailed outcry testimony from C.C.'s mother; and additional corroborative testimony from the nurse who examined C.C. Moreover, although the indictments alleged the offenses occurred "on or about" dates in June 2020, the evidence strongly supported the conclusion that the offenses occurred in June 2019.

Appellant nonetheless argues that the evidence was "simply inconsistent" and that C.C. was led by the prosecutor into testifying about certain specifics, offered insufficient details, and failed to adequately communicate that contact occurred. We disagree. Regarding the fact the prosecutor used some leading questions in examining C.C., we note that the rules of evidence do not forbid the use of leading questions on direct examination. *See* Tex. R. Evid. 611(c) ("Leading questions should not be used on direct examination except as necessary to develop the witness's testimony."); *Torres v. State*, 424 S.W.3d 245, 253 n.1 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). At trial, defense counsel appeared to recognize the need for the prosecution to use limited leading questions to develop C.C.'s testimony. At the time of trial, C.C. was 13 and testifying regarding traumatic events. The record does not suggest that the prosecutor's questions supplied C.C. with false memories. *See Torres*, 424 S.W.3d at 253 n.1.

Appellant does not identify what he contends was "simply inconsistent" about C.C.'s testimony, but we note that her testimony appears largely internally consistent and consistent with what she told her mother and the nurse who examined her at the hospital. We also conclude that C.C.'s testimony was sufficiently detailed and adequately communicated that touching occurred in the manner charged. *See generally Bautista v. State*, 619 S.W.3d 374, 378 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("Courts liberally construe the testimony of child sexual abuse victims.").

The evidence was sufficient to support appellant's convictions. Accordingly, we overrule his sole issue.

We affirm the trial court's judgment.

/s/ Frances Bourliot
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).