

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00019-CR

ROBERT STEPHEN JAMERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 26th District Court
Williamson County, Texas[1]
Trial Court No. 23-0139-K26, Honorable Donna King, Presiding

February 12, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

A jury found Robert Stephen Jamerson, Appellant, guilty of continuous sexual abuse of a young child.[2]  The trial court assessed punishment at life imprisonment.  In this appeal, Appellant raises six issues challenging his conviction.  We affirm the judgment of the trial court.

---

[1] This cause was originally filed in the Third Court of Appeals.  It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE § 21.02(b).

BACKGROUND

In January of 2023, Appellant was indicted for committing two or more acts of sexual abuse against K.A., a child younger than fourteen years of age.[3] The indictment alleged that from December of 2017 to December of 2018, Appellant committed two acts of aggravated sexual assault on K.A. Appellant was re-indicted in November of 2024. The amended indictment contained three counts, adding indecency with a child by contact to the two previously alleged acts of aggravated sexual assault. The indictment alleged that the offenses occurred between December of 2017 and June of 2021.

A jury trial was held in December of 2024. The evidence showed that the complainant, K.A., had lived with her grandmother and her grandmother's husband, Appellant, from 2013, when K.A. was six years old, until 2022, when she was fifteen. In 2022, K.A. asked to move out of the home to live with her father. After moving into her father's household, K.A. sent a message via social media to Appellant's daughter, S.J., stating that Appellant had been sexually abusing her since the age of six. K.A. also told her father's girlfriend that Appellant had abused her. K.A.'s father and S.J. contacted authorities and K.A. was interviewed by a forensic interviewer.

At trial, K.A. testified that Appellant touched her vagina, made her sit on his penis while one or both of them was undressed, and put his penis in her mouth. On some occasions, Appellant would put his penis in her mouth while she was asleep or pretending to sleep. She further testified that sometimes Appellant would provide her special

---

[3] To protect their privacy, we will use initials to refer to witnesses who were minors at the time of Appellant's sexual misconduct toward them. *See* TEX. R. APP. P. 9.10.

2

privileges, such as buying her vapes or allowing her to skip school, in exchange for these sexual acts. Appellant's daughter, S.J., and his sister, L.M., also testified at trial. Both women testified that they too were victims of Appellant's sexual misconduct.

The jury found Appellant guilty and the trial court sentenced him to life in prison. Appellant's motion for new trial was denied, and this appeal followed.

## ANALYSIS

### Sufficiency of the Evidence

We begin our analysis with Appellant's sixth issue, in which he challenges the sufficiency of the evidence to support his conviction. We consider this issue first as it would provide Appellant the greatest relief if sustained. *See Chaney v. State*, 314 S.W.3d 561, 565 & n.6 (Tex. App.—Amarillo 2010, pet. ref'd). In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J. concurring). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26. We defer to the jury's credibility and weight determinations

because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See id.* at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120, 131, 130 S. Ct. 665, 175 L. Ed. 2d 582 (2010) (per curiam); *Jackson*, 443 U.S. at 319.

To establish the offense of continuous sexual abuse of a child, the State had to prove that during a period that is thirty or more days in duration, Appellant committed two or more acts of sexual abuse, regardless of whether the acts are committed against one or more victims, when he was seventeen years of age or older and K.A. was a child younger than fourteen years of age. TEX. PENAL CODE § 21.02(b). An act of sexual abuse includes aggravated sexual assault of a child. *Id.* § 21.02(c)(4). Although the exact dates of the abuse need not be proven, the offense requires that two or more acts of sexual abuse occurred during a period of thirty days or more. *Id.* § 21.02(b); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

Appellant's challenge to the sufficiency of the evidence is based on his claim that the case against him relied solely on the testimony of K.A., whom he contends is not credible. Appellant acknowledges that in Texas, "[t]he testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child." *Garner*, 523 S.W.3d at 271; *see also* TEX. CODE CRIM. PROC. art. 38.07(a). Nonetheless, he argues about alleged inconsistencies in K.A.'s testimony, possible influence over K.A. by another family member, and the limited scope of the investigation. Appellant cites no authority and does not otherwise explain how these concerns affect the sufficiency of the evidence to support his conviction. Appellant's challenges to K.A.'s credibility were presented to

4

the jury at trial. The factfinder is tasked with resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences from basic facts. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). As the sole judge of the credibility of the witness, the jury is free to believe or disbelieve all or part of a witness's testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). When conducting a sufficiency review, "we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray*, 457 S.W.3d at 448–49. It is not the role of this Court to engage in a second evaluation of the weight and credibility of the evidence; rather, our role is to ensure that the jury reached a rational decision. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

K.A. testified that Appellant touched her vagina, made her sit on his penis while they were unclothed, and put his penis in her mouth. She testified that this abuse began when she was nine years old and occurred multiple times. Some of the "worst" events occurred when she was nine, ten, and eleven. She stated that the abuse stopped happening when she moved out of Appellant's household, which was when she was fourteen or fifteen years old.

Having viewed the evidence in the appropriate light, we conclude that any rational jury could find the essential elements of the offense beyond a reasonable doubt. K.A.'s testimony is sufficient to show that two or more acts of sexual abuse occurred during a period of thirty days or more, when she was younger than fourteen and Appellant was over the age of seventeen. *See, e.g., Michell v. State*, 381 S.W.3d 554, 560–64 (Tex. App.—Eastland 2012, no pet.) (child unable to provide specific dates when abuse

5

occurred, but able to tell forensic interviewer where they took place, her grade at time of abuse, and season of year). Thus, the evidence is sufficient to support the trial court's judgment. We resolve Appellant's sixth issue against him.

Denial of Oral Motion for Continuance

In his first issue, which we address secondly, Appellant argues that the trial court abused its discretion in denying his request for a continuance, which he made at the pretrial hearing on November 21, 2024. The State responds that Appellant's motion, which was an unsworn, oral motion, preserved nothing for review.

Article 29.03 of the Texas Code of Criminal Procedure provides that "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. art. 29.03. The Texas Court of Criminal Appeals has interpreted the statute to mean that a party who makes an unsworn, oral motion for continuance, which is denied by the trial court, has forfeited the right to complain about the denial on appeal. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012). There is no due process exception to this requirement. *Id.* We know of no exception, and Appellant has not directed us to one, when the failure to provide a written, sworn motion is the result of exigent circumstances, as claimed by Appellant here. Because Appellant's request for a continuance was oral and unsworn, we conclude that Appellant has not preserved this issue for our review. Accordingly, it is overruled.

<u>Extraneous Offense Testimony of L.M.</u>

In his next issue, Appellant contends that the trial court erred in admitting extraneous offense evidence involving his younger sister, L.M., who testified that Appellant had sexually abused her as a child.  Appellant argues that the probative value of L.M.'s testimony is "in question" due to the remoteness of the events and to L.M.'s alleged memory issues.  We apply the abuse of discretion standard to review the trial court's decision on admissibility of evidence.  *Pugh v. State*, No. 06-14-00066-CR, 2015 Tex. App. LEXIS 3663, at *5 (Tex. App.—Texarkana Apr. 15, 2015, pet. ref'd) (mem. op., not designated for publication).

Article 38.37 of the Texas Code of Criminal Procedure provides that in a continuous sexual abuse of a child trial, evidence that the defendant committed a separate offense against another child may be admissible for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.  TEX. CODE CRIM. PROC. art. 38.37, § 2(a)(1)(B), (b).  Evidence of extraneous offenses against other children is admissible even if such evidence would otherwise be inadmissible under Texas Rules of Evidence 404 or 405.  Before evidence under article 38.37 is introduced, the trial judge must conduct a hearing outside the jury's presence to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt . . . ."  TEX. CODE CRIM. PROC. art. 38.37, § 2-a(1).

Before L.M. testified in this case, the trial court held an article 38.37 hearing.  The State questioned L.M. and Appellant's counsel cross-examined her about extraneous

offenses and bad acts alleged in the State's article 38.37 notice. L.M., who was 59 years old at the time of trial, testified that Appellant abused her from the time she was nine or ten years old until she was seventeen. Specifically, L.M. testified that Appellant made her take off her clothes and sit on him, touch his penis, and rub her vagina against his penis. L.M. also testified that Appellant came into her room at night and L.M. would wake up to find Appellant inserting his penis into her mouth.

After L.M. testified, Appellant argued that L.M. was "extremely vague," that her testimony was cumulative, and that a Rule 403 analysis should apply. The trial court overruled Appellant's objections and determined L.M.'s testimony was adequate to support a finding that Appellant committed assaults against her beyond a reasonable doubt. The trial court also conducted a Rule 403 balancing test and found the testimony more probative than prejudicial. L.M. then proceeded to testify before the jury.

In an article 38.37 hearing, the trial court acts as the factfinder and as such, the sole arbiter of the credibility of the witness and the weight given to her testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1979); *see Ryder v. State*, 514 S.W.3d 391, 399 (Tex. App.—Amarillo 2017, pet. ref'd) (admissibility of witness's testimony about extraneous offense turned on trial court's assessment of witness's credibility and weight to be given evidence). The trial court can resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences therefrom. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Here, the trial court expressly found L.M.'s testimony to be credible and gave weight to her testimony. Accordingly, we conclude the trial court did not abuse its discretion by finding that L.M.'s testimony would be adequate to support a

8

finding by the jury that Appellant committed the extraneous offenses beyond a reasonable doubt under article 38.37.

Appellant further argues, as he did at trial, that the evidence should have been excluded under Rule 403. Evidence admissible under article 38.37 may be excluded under Rule 403 if its probative value is substantially outweighed by its potential for unfair prejudice. *Price v. State*, 594 S.W.3d 674, 680 (Tex. App.—Texarkana 2019, no pet.). When undertaking a Rule 403 analysis, the trial court must balance the inherent probative force of the proffered evidence along with the proponent's need for that evidence against: (1) any tendency of the evidence to suggest a decision on an improper basis, (2) any tendency of the evidence to confuse or distract the jury from the main issues, (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

Here, L.M. described a pattern of abuse by Appellant that was very similar to the pattern described by K.A. Appellant made both victims undress and sit on top of him while unclothed. He made each one touch his penis and rub her vagina against his penis. Both witnesses testified that Appellant would put his penis in her mouth, including at times when the witness was sleeping or pretending to sleep. Both K.A. and L.M. were abused over a period of several years while they were children. They had familial connections to and lived in the same household as Appellant. In both cases, the abuse ended when the victim moved out of Appellant's household. The extraneous offenses committed by Appellant against L.M. were sufficiently similar to the charged offense to have significant

9

probative value. *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd) ("[W]e believe that the district court could have reasonably determined that the remarkable similarities between the extraneous offenses and the charged offenses strengthened the probative force of the evidence."). Additionally, the State had a need for the extraneous offense evidence. There was no physical evidence or eyewitness testimony supporting K.A.'s allegations. Appellant's strategy at trial was to attack K.A.'s credibility. Evidence that Appellant had engaged in a similar pattern of abuse against L.M. served to rebut the defensive theory that K.A. fabricated her claims. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd) (in case where State had no physical evidence or eyewitness testimony, State had need for evidence of twenty-five-year-old extraneous offense). Thus, both the probative force of the evidence and the State's need for the evidence are factors weighing in favor of the trial court's decision to admit the evidence.

The next part of the Rule 403 analysis requires us to consider factors that might weigh against admission, such as unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. In his argument, Appellant mentions only one factor, stating that "the admission of [L.M.'s testimony] was likely to distract the jury from the case before them." The record does not support Appellant's bare assertion. L.M.'s testimony was fairly limited, taking approximately twenty minutes of the four-day trial, and described a similar pattern of abuse by Appellant as that alleged by K.A. It did not take so much time that the jury would have been distracted from its consideration of the charged offense. We see nothing in the record to suggest that the evidence caused any confusion or distraction. Therefore, we conclude

10

the trial court's admission of L.M.'s testimony did not lie outside the zone of reasonable disagreement and was not error.  We overrule this issue.

Denial of Motion for Mistrial

Appellant's next issue raises a challenge to the trial court's denial of the oral motion for mistrial Appellant made following L.M.'s testimony.  We review a trial court's ruling on a motion for mistrial for an abuse of discretion.  *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  A trial court abuses its discretion only if its decision is outside the zone of reasonable disagreement.  *Id.*  "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required."  *Id.*  We view the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the trial court at the time of the ruling.  *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

Appellant's motion for mistrial was based on his assertion that L.M. was not a credible witness and was "frail."  Appellant's argument appears to be based on his claim that the conduct toward L.M. was not proven to the level required by article 38.37.  However, as set forth above, we have concluded that the extraneous-offense evidence involving L.M. was properly admitted.  Therefore, the trial court did not err in denying the motion for mistrial on this basis.  *See* TEX. CODE CRIM. PROC. art. 38.37, § 2(a)(1)(B), (b).  We overrule this issue.[4]

---

[4] Appellant also states that L.M.'s alleged frailty interfered with his Sixth Amendment right to confront her.  To the extent that Appellant intends this assertion to be an issue for our review, we conclude that the argument is inadequately briefed.  *See* TEX. R. APP. P. 38.1; *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (finding issue inadequately briefed when brief did not contain proper citations to authority or record and failed to make cogent argument).

11

Extraneous Offense Testimony of S.J.

In his next issue, Appellant argues that the trial court erred in admitting the testimony of his daughter, S.J., regarding Appellant's sexual misconduct toward her pursuant to article 38.37 of the Texas Code of Criminal Procedure. Similar to his arguments regarding L.M.'s testimony, Appellant's issue is predicated on the notion that S.J. is not a credible witness. He argues that "[h]er memory is odd," the conduct occurred years ago, and S.J. may have ulterior motives in testifying against Appellant. We review the trial court's decision to admit evidence under an abuse of discretion standard. *Pugh*, 2015 Tex. App. LEXIS 3663, at *5. Again, the trial court acts as the factfinder and sole arbiter of witness credibility in an article 38.37 hearing. *Johnson*, 571 S.W.2d at 173; *Ryder*, 514 S.W.3d at 399.

S.J., who was 36 years old at the time of trial, testified that Appellant sexually assaulted her when she was a child. She testified that the first incident occurred when she was three years old, when Appellant made S.J. put her mouth on his penis. On other occasions, Appellant would put his fingers inside S.J.'s vagina. S.J. testified that these events occurred when she was around three to five years old. At one point, S.J.'s mother "caught" Appellant when he was giving S.J. a bath. After that, S.J.'s mother left Appellant, taking S.J. and her brother with her. S.J. did not have further contact with Appellant for several years. S.J. testified that she had not spoken to K.A. about her abuse until after K.A. contacted her and told S.J. that Appellant had abused her.

Having reviewed S.J.'s testimony, this Court cannot conclude that the trial court abused its discretion by finding that a jury could find beyond a reasonable doubt that S.J.'s testimony would be adequate to support a finding by the jury that Appellant committed extraneous offenses against her beyond a reasonable doubt under article 38.37.

Appellant also mentions, under this issue, that the trial court erred in not excluding S.J.'s testimony under Rule 403 because it was more prejudicial than probative. When evidence of a defendant's extraneous acts is relevant under article 38.37, the trial court is still required to conduct a Rule 403 balancing test upon proper objection or request. *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd). As he did with L.M., Appellant contends that the remoteness of the events described by S.J. undermines the probative value of her testimony. However, "remoteness alone is not sufficient to render an extraneous offense excludable under Rule 403." *Gaytan v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd).

Even if we were to conclude that the trial court erred in admitting the extraneous offense evidence under Rule 403, we cannot reverse a trial court's evidentiary ruling unless Appellant establishes the trial court's error resulted in harm. The erroneous admission of evidence constitutes non-constitutional error subject to a harm analysis. *See* Tex. R. App. P. 44.2 (standards for constitutional and non-constitutional harm); *see also Martin v. State*, 176 S.W.3d 887, 897 (Tex. App.—Fort Worth 2005, no pet.)

To assert an issue on appeal, an appellant's brief must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). A harm analysis should include argument, explanation,

substantive analysis, and citation to authorities to show why the appellant was harmed by the trial court's purportedly erroneous admission of extraneous offenses. *See Adell v. State*, No. 01-21-00439-CR, 2023 Tex. App. LEXIS 5770, at *125–26 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, pet. ref'd) (mem. op., not designated for publication) (complaint waived where appellant made no argument showing harm from admission of challenged testimony).

Here, the sole statement Appellant makes regarding harm reads, "This testimony [from S.J.] should have been excluded, and its inclusion harmed Appellant. The jury heard testimony regarding alleged extraneous offenses from more than thirty years ago that could not reasonably be found to have been committed beyond a reasonable doubt." The conclusory statement that the evidence "harmed Appellant" is not a proper harm analysis. The brief contains no substantive analysis, explanation, or citation to authorities to show how the allegedly erroneous admission of S.J.'s testimony harmed him. We therefore hold that Appellant waived his complaint on appeal. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (issue inadequately briefed where appellant failed to address question of whether alleged error was harmless). We overrule this issue.

Ineffective Assistance of Counsel

Finally, Appellant asserts that his trial counsel was ineffective. Specifically, Appellant contends that his counsel opened the door for extraneous offense evidence by asking a detective if S.J. had accused Appellant of sexually assaulting her as a child. Appellant provides no citation to the record where this challenged testimony was given. We will assume Appellant is referencing the following exchange between trial counsel and the detective:

14

Q: And was [S.J.] asking questions of what law enforcement was going to do next?

A: She did, yes, but she also had – from my experience in dealing with adults or, you know, guardians of all these cases, she had more knowledge of how the system usually plays out.

Q: Did she indicate that she herself had ever gone through something like that?

A: She did, yes, sir.

We review ineffective assistance of counsel claims under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and as adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). Under this standard, Appellant has the burden to show by a preponderance of the evidence that (1) trial counsel's performance was deficient, i.e., it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant, i.e., but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A failure to make a showing under either prong defeats a claim for ineffective assistance. *Lampkin v. State*, 470 S.W.3d 876, 897 (Tex. App.—Texarkana 2015, pet. ref'd).

To overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and a presumption that the challenged action might be considered valid trial strategy, "any allegation of ineffectiveness must be

15

firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814. Moreover, judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc). The record on direct appeal is ordinarily not sufficiently developed to establish an ineffective assistance of counsel claim. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc) ("[w]e have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record").

Even if Appellant's trial counsel opened the door to evidence of Appellant's extraneous offenses against S.J., counsel's actions would not amount to ineffective assistance of counsel because that evidence was admissible under article 38.37. Here, the State had given notice before trial of its intent to use the extraneous offense evidence. Further, before the parties made their opening statements, the trial court notified them in a hearing outside the jury's presence that it had considered S.J.'s testimony under article 38.37 and determined it was relevant and admissible. Thus, the evidence of Appellant's conduct against S.J. would have been admissible regardless of whether Appellant's trial counsel opened the door. *See In re A.M.*, No. 04-06-00483-CV, 2007 Tex. App. LEXIS 6676, at *14–15 (Tex. App.—San Antonio Aug. 22, 2007, no pet.) (mem. op.) (counsel's opening door to evidence of extraneous bad acts "irrelevant" and not ineffective assistance of counsel because evidence admissible under article 38.37). Accordingly, we overrule Appellant's ineffective assistance of counsel claim.

16

**CONCLUSION**

Having overruled each of Appellant's issues on appeal, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice


Do not publish.