

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00170-CR
_____

ANTHONY WOODALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 10F0134-005

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Anthony Woodall was sentenced to thirty years' incarceration after his conviction by a jury of aggravated sexual assault of a child.[1] Woodall was also convicted of two counts of indecency with a child by contact,[2] for which he received concurrent ten-year sentences.[3] Woodall appeals his conviction, claiming (1) the trial court erred in concluding that his pretrial statements were voluntary, (2) the evidence was legally insufficient to support his aggravated sexual assault conviction, (3) the evidence was legally insufficient to support conviction of any criminal act occurring on or about October 1, 2009, and (4) the trial court erred by admitting letters purportedly written by Woodall over trial counsel's authentication objection. Finding no error, we affirm the judgment of the trial court.

## I.      Background

Seven-year-old Nicole Woods (pseudonym) and four-year-old Kimberly Moore[4] (pseudonym) spent the night with Woodall and his wife on Friday, October 2, 2009.[5] After attending church services that evening, the four traveled back to the Woodall home and, after eating supper and watching television, the children went to sleep on the couch. The following

---

[1]*See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011).

[2]*See* TEX. PENAL CODE ANN. § 21.11 (West 2011).

[3]The ten-year concurrent sentences and the thirty-year sentence were ordered to run consecutively.

[4]The present appeal involves Woodall's conviction for aggravated sexual assault and two counts of indecency with Kimberly. In a second appeal, also decided today in cause number 06-11-00169-CR, we address Woodall's conviction of indecency with a child by contact, involving only Nicole.

[5]Nicole's mother was dating Woodall's nephew at the time of the sleepover.

morning, Woodall returned the children to his sister's home.[6]  The following Monday, Nicole told her mother that Woodall was "messing with" her when she spent the night at his home.[7] Nicole's mother contacted the police, at which time Woodall apologized for the incident, stating he was sorry and asking that she not make "a big deal" about it.

When Detective Brad Thacker of the Texarkana Police Department responded to the call from Nicole's mother, Woodall was present at the residence.  Woodall voluntarily came in for an interview at the police department.  He was not under arrest.  Thacker testified that, during the interview, Woodall stated that he was horse playing with the children and tickling them, and in doing so, his hands went down Kimberly's pants and he could feel the contours of the child's vagina through her cotton panties.  Woodall indicated that he became sexually aroused when this happened.  When the children sat in his lap, Woodall became aroused.

While Thacker attempted to record the initial interview with Woodall, the recorder was not working properly and the interview was not recorded.  Woodall was not in custody during this interview and was free to leave.

Because the initial interview was not recorded, Woodall was contacted by Detective Gisela Looney for a second, voluntary interview on October 7.  Even though the second interview was noncustodial, Woodall was read his *Miranda*[8] rights.  Woodall indicated that he

---

[6]Woodall's sister is Kimberly's grandmother.

[7]More specifically, Nicole stated that Woodall pulled her pants down and felt her private parts.  Nicole's demeanor is completely different now than it was prior to the incident in October.

[8]*Miranda v. Arizona*, 384 U.S. 436 (1966).  There was no claim in the trial court or on appeal that the second interview was a custodial interrogation.

3

could read and that he understood his rights. He then signed a waiver of those rights. During the second interview, Woodall initially stated that he accidentally touched the girls. As the interview progressed, however, Woodall admitted that he touched Kimberly under her pants and that he was aroused when touching both girls. Woodall admitted to touching both girls' vaginas, and stated that if he became aroused when the children were in his lap, he would set them down. Woodall stated that he touched Kimberly's vagina on three separate occasions. After the interview, Woodall was told that a time would be scheduled for Woodall to turn himself in.

In two appellate points, Woodall claims the statements given to Thacker and Looney were involuntary and should have been suppressed. Woodall further claims the trial court erred by admitting letters purportedly written by Woodall over trial counsel's authentication objection.

We addressed these issues in detail in our opinion of this date on Woodall's appeal in cause number 06-11-00169-CR. For the reasons stated therein, we likewise conclude that error has not been shown with respect to these issues.

## II. The Evidence Is Legally Insufficient to Support Woodall's Conviction of Aggravated Sexual Assault

In his next point of error, Woodall complains the evidence is legally insufficient to support his conviction of aggravated sexual assault. We agree.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305

4

S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

The indictment states, in pertinent part, that Woodall

did then and there intentionally or knowingly cause the penetration of the sexual organ of <u>Kimberly Moore (pseudonym),</u> a child who was then and there less than 14 years of age and not the spouse of the defendant, by <u>the defendant's finger.</u>

Under a hypothetically correct jury charge, the State was required to prove that Woodall intentionally or knowingly "cause[d] the penetration of the . . . sexual organ of a child by any means" and "the victim is younger than 14 years of age." TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B). For purposes of Section 22.021, penetration has been defined as:

"[T]o enter into" or "to pass through." *See*, *e.g.*, *Webster's Third New International Dictionary*, p. 1670 (Merriam–Webster 1981). Thus, in common parlance, mere contact with the outside of an object does not amount to a penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact.

*Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). It is therefore not inaccurate "to describe [conduct] as a penetration, so long as [the] contact with [the complainant's] anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012) (quoting *Vernon*, 841 S.W.2d at 409). "[T]actile contact beneath the fold of complainant[']s external genitalia amounts to penetration within the meaning of the Aggravated Sexual Assault statute, since vaginal penetration is not required, but only penetration of the 'female sexual organ.'" *Steadman v. State*, 280 S.W.3d 242, 247–48 (Tex. Crim. App. 2009) (quoting *Vernon*, 841 S.W.2d at 409–10). Proof of penetration may be circumstantial. *Belt v. State*, 227 S.W.3d 339, 342 (Tex. App.—Texarkana 2007, no pet.).

In the present case, Woodall challenges only the element of penetration.

Kimberly testified that Woodall did not touch her "on [her] privates." She further stated, however, that she told "Miss Missy" at the advocacy center that Woodall did touch her privates. Later on, Kimberly testified that Aunt Cathy (Woodall's wife) was there when Woodall touched her privates, and saw it happen. Kimberly denied that Woodall touched her on the inside of her pants, and further denied that he touched her on the "inside of [her] private."

6

Missy Davison, a forensic interviewer for the Texarkana Children's Advocacy Center, testified that she interviewed Kimberly on October 7, 2009. During the interview, Kimberly told Davison that Woodall touched her privates (meaning vaginal area). The video recording of that interview was played to the jury. During that session, the child was shown anatomically correct dolls and, using the dolls, she demonstrated that Woodall touched her vaginal area while she was clothed.

Thacker testified that he and Detective Wayne Easley of the Texarkana, Arkansas, Police Department initially interviewed Woodall. During the interview, Woodall stated that while horse playing and tickling the children, his hands went down Kimberly's pants, and he could feel the contours or the ridges of the child's vagina through her cotton panties. Thacker was then asked, "So past the lips of the vagina?" Thacker responded, "He could touch -- could touch them, yes." Thacker further testified that if he was not mistaken, Woodall indicated that he pushed down on Kimberly's vagina.

Looney testified that during her interview with Woodall, Woodall stated that he touched the girls on their vaginas, but he touched Kimberly's vagina more than one time. Looney further testified that for penetration to occur, "it doesn't have to be completely inserted into their vaginal area . . . . It just has to slightly break the plane of the lips, whether it be through clothing or without their clothing. . . ." Looney did not testify, however, that penetration occurred in this case.

7

In his recorded statement, Woodall indicated that he felt the imprint of Kimberly's vagina[9] through her cotton panties. When asked if he touched the top or the inside of Kimberly's vagina, Woodall stated that he touched the side, "kind of like where the flaps are." Woodall further stated that he "put a little pressure" on Kimberly's vagina.

The State contends that a rational jury could infer from Woodall's description of these events that Woodall penetrated Kimberly's sexual organ. Under the *Jackson* test, a jury is permitted to draw reasonable inferences as long as those inferences are supported by the evidence presented at trial. A jury is not permitted, though, to reach a conclusion based on mere speculation or factually unsupported inferences. *Hooper*, 214 S.W.3d at 15. In *Hooper*, the high court recognized the distinction between an inference and mere speculation:

> [A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt.

*Id.* at 16. The *Jackson* standard requires this Court to determine whether any necessary inference is reasonable based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* at 16–17.

Here, in order to conclude penetration occurred, the jury was required to infer that based on Woodall's touching and application of pressure to the vaginal area, more than external contact with the outer vaginal lips occurred. Because it is not sufficiently based on evidence to support a

[9]To clarify, Woodall did not use the term vagina. Earlier in the interview, Looney asked Woodall what he called the girls' "private part," the vagina. He responded that he called this a "twat," and he used that term throughout the interview.

8

finding of penetration beyond a reasonable doubt, this conclusion—even when viewed in the light most favorable to the verdict—amounts only to speculation. Accordingly, we find the evidence is legally insufficient to support Woodall's conviction of aggravated sexual assault of a child.

**III.    The Evidence Is Legally Sufficient to Convict Woodall of a Criminal Act Occurring on or about October 1, 2009**

In his final point of error, Woodall contends the evidence is insufficient to prove he committed an offense on or about October 1, 2009. Count one of the indictment alleges that Woodall committed aggravated sexual assault on or about October 1, 2009. The evidence presented at trial, however, indicates Woodall had possession of Kimberly on Friday, October 2 and Saturday, October 3, 2009. Woodall contends that even though his recorded statement indicates he had possession of Kimberly for a week in September, there was no testimony that Kimberly was with Woodall on October 1, 2009. Woodall does not claim he was deprived of notice adequate to enable him to prepare a proper defense. Rather, Woodall claims the evidence is legally insufficient and seeks a reversal of his conviction.

We apply the standard of legal sufficiency review set forth in the previous section of this opinion.

Long-standing precedent holds that the State is not bound by the date alleged in the indictment as long as it proves the offense occurred within the period covered by the applicable statute of limitations. *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998); *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997); *Mireles v. State*, 901 S.W.2d 458, 459

9

(Tex. Crim. App. 1995); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009) (time mentioned must be anterior to presentment of indictment and not so remote that offense is barred by limitations).

In 1889, the rule was articulated that,

> while the time alleged must be anterior to the presentment of the indictment, it is not material that the exact date stated in the indictment be proved as alleged. The proof may extent [sic] back to any date not barred by limitation, on the one hand; and on the other, may establish any subsequent date to that alleged, provided it be a date anterior to the date of the presentment or finding of the indictment.

*Arcia v. State*, 12 S.W. 599, 599 (Tex. App. 1889).

Here, the indictment alleges Woodall committed aggravated sexual assault on or about October 1, 2009. Therefore, the State must establish the offense occurred within the statute of limitations, provided it is anterior to the date of the presentment of the indictment. *See Garcia*, 981 S.W.2d at 686. The indictment was presented in January 2010; aggravated sexual assault of a child has no period of limitations. TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(D) (West Supp. 2011). Evidence at trial indicated the assault occurred on October 2, 2009. Because the evidence established the offense occurred subsequent to the date alleged in the indictment and within the statute of limitations, the evidence is legally sufficient to support Woodall's conviction.

To the extent Woodall claims the indictment does not support his convictions for indecency with a child, the same analysis applies. There is no statute of limitations for the

10

offense of indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art 12.01(1)(E) (West Supp. 2011).[10]

## IV.    Conclusion

We reverse the judgment of the trial court convicting Woodall of aggravated sexual assault of a child. Because Woodall was charged with, and the jury was instructed on, the lesser included offense of indecency with a child by contact—and the evidence is legally sufficient to support conviction for that offense—we modify the judgment of the trial court to indicate a conviction of indecency with a child by contact. We remand to the trial court for a punishment hearing on the conviction of indecency with a child by contact. We affirm the judgment of the trial court convicting Woodall of the two remaining counts of indecency with a child by contact.[11]


                                        Jack Carter
                                        Justice


Date Submitted:      July 18, 2012
Date Decided:        July 31, 2012

Publish

---

[10]Article 12.01 of the Texas Code of Criminal Procedure was amended, effective September 1, 2009, changing the limitations period for indecency with a child from ten years from the eighteenth birthday of the victim of the offense, to no limitations period. TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(E) (amending TEX. CODE CRIM. PROC. ANN. art. 12.01(5)(A) (Act of June 1, 2009, 81st Leg., R.S., ch. 1227, § 38, 2009 Tex. Gen. Laws 3915, 3929 (current version at TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(E)).

[11]Woodall was indicted on three counts of aggravated sexual assault of a child. The trial court instructed the jury on three lesser included offenses of indecency of a child by contact. The jury found Woodall guilty of one count of aggravated sexual assault of a child and two counts of indecency with a child by contact.

11