**Opinion filed February 12, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00043-CR

_____

## ALFREDO HINOJOS HARPER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 16314**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Alfredo Hinojos Harper, of the offense of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2025). After finding an enhancement paragraph to be true, the jury assessed his punishment at confinement for fifty years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue

on appeal, Appellant argues that the evidence of penetration is insufficient to support his conviction.  We affirm.

*Background Facts*

When she was thirteen years old, N.H.[1] went to a football game where she saw Appellant, her cousin.  N.H. left the football game with Appellant and his girlfriend at the time, Monique.  The three went to Monique's aunt's apartment where they were all drinking alcohol.  N.H. became intoxicated and vomited on herself.  Monique and her aunt helped N.H. take a shower, and they gave her some clean clothes to wear.

According to N.H., she does not remember anything after taking a shower.  She testified that when she woke up, she was at Appellant's apartment, and Appellant was on top of her.  N.H. said that she had on a shirt, but no pants or underwear.  N.H. described that Appellant "had his penis inside of [her]."  When asked to define "inside" of her, she said her "middle part, where [she] pee[s] from."  N.H. further described her "middle part" as the place where she has her period.

N.H. testified that, when she woke up, she asked Appellant to stop; Appellant stopped and left the room.  N.H. dressed herself and attempted to leave.  Appellant initially would not let her leave, kept apologizing, and tried to "make [her] get in the shower."  Eventually, N.H. was able to leave Appellant's apartment.

Several days later, N.H. told her teacher at school what had occurred.  Her teacher testified that N.H. was crying and said that Appellant "rape[d]" her.  N.H.'s teacher reported the matter to Child Protective Services.  The Big Spring Police Department investigated the allegations.  Detective Chase Clanton testified that N.H. did not undergo a sexual assault examination.  Detective Clanton collected the

---

[1]We use initials to protect the identity of the child victim.

2

clothes N.H. wore on the date of the incident and sent them to the Department of Public Safety lab for testing. There was no semen detected on N.H.'s clothing.

*Analysis*

In his sole issue, Appellant argues that the evidence is insufficient to support his conviction for aggravated sexual assault of a child. He asserts that "the testimony regarding penetration was not sufficiently specific regarding the actuality or degree of penetration."

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight witness testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

As relevant to this case, a person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly "causes the penetration of the . . . sexual organ of a child by any means." PENAL § 22.021(a)(1)(B)(i).

The Penal Code does not define "penetration," but the Court of Criminal Appeals has provided the following explanation of the term:

> In contexts like that of the Aggravated Sexual Assault statute, "penetrate" may mean "to enter into" or "to pass through." *See, e.g.*, *Webster's Third New International Dictionary*, p. 1670 (Merriam–Webster 1981). Thus, in common parlance, mere contact with the outside of an object does not amount to a penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact. Consequently, it is not ungrammatical to describe [a]ppellant's touching of complainant in this case as a penetration, so long as contact with the injured part of her anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips.

*Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Penetration may be established through circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133–34 (Tex. Crim. App. 1990). The slightest penetration is sufficient to uphold the conviction. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974) (citing *Nilsson v. State*, 477 S.W.2d 592 (Tex. Crim. App. 1972)).

4

N.H. testified that Appellant's penis was "inside of [her]." She clarified that his penis was inside of her middle part where she urinates and has her menstrual period. A reasonable jury could logically find that Appellant caused contact more intrusive than contact with N.H.'s outer vaginal lips. *See Vernon*, 841 S.W.2d at 409.

Appellant cites *Woodall v. State*, 376 S.W.3d 134 (Tex. App.—Texarkana 2012, no pet.) and *Prestiano v. State*, 581 S.W.3d 935 (Tex. App.—Houston [1st Dist.] 2019, pet ref'd) to support his contention that the State did not prove penetration. The court of appeals in *Woodall* held that there was legally insufficient evidence to support the defendant's conviction for aggravated sexual assault of a child. 376 S.W.3d at 140. However, in that case, the child complainant denied that the defendant touched her on the "inside of [her] private." *Id.* at 139 (alteration in original). The defendant admitted to touching the child outside her underwear. *Id.* He said "he could feel the contours or the ridges" of the child's exterior genitalia and pushed down on it. *Id.* However, there was no testimony that the defendant's fingers went inside the child's labia or that penetration otherwise occurred. In *Prestiano*, when asked whether the defendant's sexual organ went inside the child's mouth, the child testified that it touched her mouth only "a little bit." 581 S.W.3d at 941. Thus, the court of appeals concluded that "a factfinder could do no more than speculate as to whether penetration or mere contact occurred." *Id.* at 942.

*Woodall* and *Prestiano* are readily distinguishable from this case. Here, N.H. testified that Appellant "had his penis inside of [her]." She further testified that it was inside of her "middle part, where [she] pee[s] from." Based on N.H.'s testimony, a rational trier of fact could have found beyond a reasonable doubt that Appellant penetrated her sexual organ. *See Jackson*, 443 U.S. 319; *Isassi*, 330 S.W.3d at 638; *Vernon*, 841 S.W.2d at 409.

Appellant also contends that the evidence is insufficient because there was no sexual assault exam, DNA evidence, or direct testimony from a nurse or doctor to corroborate N.H.'s testimony. However, "corroboration of the victim's testimony by medical or physical evidence is not required." *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd). The uncorroborated testimony of a child victim is sufficient to support a conviction for aggravated sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2023); *Wishert*, 654 S.W.3d at 328. Further, "[t]he Texas Court of Criminal Appeals has for decades recognized that child victims cannot be expected to testify with the same clarity and ability that is expected of mature and capable adults." *Wishert*, 654 S.W.3d at 327–28 (citing *Villalon*, 791 S.W.2d at 134).

We defer to the jury's credibility and weight determinations because the jury is the "sole judge" of witnesses' credibility and the weight to be given their testimony. *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021) (quoting *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012)); *see Jackson*, 443 U.S. at 319. As the sole judge of a witness's credibility, "the jury can believe all, some, or none of a witness's testimony." *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020). The jury's determination to accept N.H.'s version of the events was a decision based inherently on its evaluation of her credibility, a decision that is within the jury's sole province to resolve.

We hold that the record before us contains sufficient evidence from which a rational jury could have logically found beyond a reasonable doubt that Appellant was guilty of the offense of aggravated sexual assault of a child. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


February 12, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.