

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00744-CR
No. 04-24-00745-CR

Troy Lynn **THOMAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 9417, 9418
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: March 11, 2026

AFFIRMED

Appellant, Troy Lynn Thomas, appeals his convictions for aggravated sexual assault of a child and indecency with a child. In six issues, he challenges the legal sufficiency of the evidence to support the jury's finding of penetration and contends that the trial court erred by (1) failing to appropriately respond to jury questions, (2) permitting the State to violate the Michael Morton Act, (3) admitting evidence of both previous plea agreements and prior convictions, and (4) assessing

costs without conducting an ability to pay inquiry. Because we conclude the evidence is legally sufficient and discern no reversible error, we affirm the judgments of the trial court.

## FACTUAL BACKGROUND

The charges in this case arise from an incident occurring in 2021 on Thomas's property in Kendall County. The complainant was a minor at the time and knew Thomas through a family relationship. Thomas asked the complainant to help him clean out a shed on his property. While they were in the shed, Thomas closed and locked the door. He approached the complainant from behind and had her sit on a couch, where he pulled up her shirt and bra and put his mouth on her breast. He then pulled down both of their pants and positioned himself between her legs Thomas held the complainant's hands above her head while he pressed his penis against her vaginal area for approximately ten to twenty minutes. The complainant did not immediately report the incident.

In 2023, the complainant disclosed the incident to her mother after her mother discovered she had been communicating online with an individual she did not know. The complainant told her mother that she was communicating with this person because he could relate to what had happened to her. She showed her mother messages describing the incident with Thomas and stating that Thomas had promised to give her money and electronics if she did not tell anyone. The complainant's mother reported the situation to law enforcement and an investigation began.

Thomas was eventually indicted for aggravated sexual assault of a child and indecency with a child. A jury found Thomas guilty of both offenses and assessed punishment at life imprisonment for aggravated sexual assault of a child and twenty years' imprisonment for indecency with a child.

**ANALYSIS**

**A. Sufficiency of the Evidence**

We turn first to Thomas's contention that the evidence is legally insufficient to establish the element of penetration necessary to support his conviction for aggravated sexual assault of a child. Aggravated sexual assault of a child requires the state to prove beyond a reasonable doubt that the defendant caused penetration of the child's sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). Penetration does not require full vaginal entry; rather, it includes contact more intrusive than contact with the outer vaginal lips. *See Villa v. State*, 417 S.W.3d 455, 461 (Tex. Crim. App. 2013) (quoting *Vernon v. State*, 841 S.W.2d 407, 409-10 (Tex. Crim. App. 1992)); *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012) (same).

Measured against that definition, Thomas contends that the State failed to establish penetration. Specifically, Thomas points to the complainant's testimony that he, "tried to penetrate" her, that his penis did not go "all the way into" her vagina, that she did not remember what his penis did when it was "down there," and that she had previously stated that their genitals "just touched." Thomas contends that this shows, at most, an attempt to penetrate or external contact rather than completed penetration.

Because Thomas challenges the legal sufficiency of the evidence, our review is governed by the standard establish by *Jackson v. Virgina*, 443 U.S. 307 (1979). *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (stating that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense"). We therefore view all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at

319. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may resolve conflicts and draw reasonable inferences from the evidence. *Id*.

The complainant testified that Thomas "sexually assaulted" her. He positioned himself between her legs and pressed his penis against her "vaginal region," "pushing in on" her vagina for approximately "ten to twenty minutes" while attempting to "penetrate" her. Although she denied full entry and expressed uncertainty about some details, her testimony described prolonged, forceful intrusion into the vaginal area rather than fleeting or mere external contact. Deferring to the jury's determinations regarding the weight and credibility of the evidence and viewing it in the light most favorable to the prosecution, this testimony would permit a rational inference of contact more intrusive than contact with the outer vaginal lips. The testimony therefore supports a finding of penetration as that term has been defined by Texas courts. *See Villa*, 417 S.W.3d at 461; *Cornet*, 359 S.W.2d at 226; *Zuniga v. State*, 811 S.W.2d 177, 180 (Tex. App.—San Antonio 1991, no pet.) (noting "penetration, however slight, will sustain a sexual assault allegation").

Thomas's contrary interpretation of the evidence would be persuasive only if this case resembled those in which the evidence showed only superficial external contact. While courts have found the evidence insufficient to prove penetration where the complainant described only touching of the outside of the vaginal area without any indication of intrusive pressure or inward movement, this case is materially different. *See Martinez v. State*, 524 S.W.3d 344, 346-47 (Tex. App.—San Antonio 2017, pet. ref'd) (noting evidence insufficient where it clearly showed appellant only touched the outside of child's vagina); *Woodall v. State*, 376 S.W.3d 134, 140 (Tex. App.—Texarkana 2012, no pet.) (holding evidence insufficient where evidence supported only external contact and there was no evidence of intrusion beyond outer labia). The complainant here

described inward pressure and prolonged intrusion, not mere touching. Accordingly, because the evidence permits a rational finding of penetration, we overrule Thomas's first point of error.

## B. Response to Jury Questions

Having resolved Thomas's sufficiency challenge, we next address his complaint that the trial court erred in responding to the jury's questions regarding penetration and sexual assault testimony.[1] Thomas argues that the trial court's decision to read back only isolated portions of the complainant's testimony created a misleading impression of what the complainant actually said and amounted to an improper comment on the weight of the evidence.

Under the Texas Code of Criminal Procedure, if the jury disagrees as to the statement of a witness, they may ask the court to have read to them from the court reporter's transcript that part of the witness's testimony in dispute. TEX. CODE CRIM. PROC. ANN. art. 36.28. To preserve a complaint about a trial court's response to a jury request under Article 36.28, the defendant must make a timely and specific objection that alerts the trial court to the legal basis for the complaint. *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Preservation requires that the objection at trial comport with the complaint raised on appeal. *Id*.

When the trial court read its proposed response to the jury's request for a readback of testimony concerning penetration, defense counsel objected on due process and Sixth Amendment grounds, arguing it was unfair for the jury to hear only a portion of the testimony. Thomas made

---

[1] The relevant questions and answers are as follows:

| | |
|---|---|
| Question: | We disagree upon the point at Jessica's testimony where she said, or didn't say, penetration occurred. |
| Answer: | "He had tried to penetrate me." |
| | |
| Question: | We have a disagreement about whether Jessica said, "He sexually assaulted me" or "I was sexually assaulted" in her testimony in response to the prosecution question. |
| Answer: | "He proceeded to sexually assault me." |

no substantive objection to the court's proposed response to the jury's request for clarification of the sexual assault testimony. The State argues that Thomas has not preserved this complaint for review because, on appeal, Thomas reframes the trial court's responses as violations of Article 36.28 and as improper comments on the weight of the evidence.

Although the basis for Thomas's trial objection is not identical to his argument on appeal, his due process complaint is premised on the trial court's failure to read back a broader section of testimony in response to the jury's request. This complaint is substantively the same as his Article 36.28 theory. *See id*. (finding error preserved where trial objection and appellate theory were substantively similar). We will therefore address whether the trial court's response as to penetration complied with Article 36.28. We decline, however, to consider whether the response was an improper comment on the weight of the evidence as that complaint does not comport with his trial objection. *See id*. We further decline to consider Thomas's complaint regarding the trial court's response to the question concerning the sexual assault testimony as Thomas did not object to that response at trial. *See id*.

We review a trial court's response to a jury readback request for abuse of discretion. *Id.* at 923; *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). Article 36.28 assigns the trial court the task of interpreting the jury's note and selecting the portion of the record that best answers the jury's specific inquiry. *Thomas*, 550 S.W.3d at 923; *Brown v. State*, 870 S.W.2d 53, 56 (Tex. Crim. App. 1994). The trial court is not required to provide a comprehensive read back of all testimony touching on the subject. Instead, it must identify and provide only that portion of the testimony that resolves the particular point in dispute. *Id.*; *see Robison v. State*, 888 S.W.2d 473, 481 (Tex. Crim. App. 1994) (finding no abuse of discretion where reread testimony was specific and limited to jury's request); *Ford v. State*, 444 S.W.3d 171, 185 (Tex. App.—San Antonio 2014,

pet. ref'd) (upholding limited readback as responsive to jury's specific inquiry and within trial court's discretion).

In this case, the jury's notes reflected disagreement about whether the complainant testified that penetration occurred. The trial court responded by having the court reporter read back only the portion of the complainant's testimony that referenced the term "penetration." Thomas argues the court should have included additional testimony to avoid presenting a misleading picture of the evidence.

The record reveals the trial court carefully reviewed the jury's note and identified only that testimony directly responsive to the jury's question. As a result, the portion of the testimony read back was surgically tailored to the jury's expressed disagreement and directly answered the point they identified as disputed. The result was advantageous to neither the prosecution nor the defense, as contemplated by Article 36.28. *See Howell*, 175 S.W.3d at 790 (noting statute seeks "to balance our concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have"). Where the trial court's selection of testimony reasonably corresponds to the jury's question, the ruling falls within the zone of reasonable disagreement. *Id.*; *Robison*, 888 S.W.2d at 481; *Brown*, 870 S.W.2d at 56. Accordingly, we find no reversible error. Thomas's second point of error is overruled.

## C. Production of Evidence

We next address Thomas's contention that the trial court erred by failing to require the State to produce additional discovery from a laptop associated with the investigation in violation of the Michael Morton Act. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14. Several months prior to trial, Thomas filed a motion to compel, seeking data from a laptop used by the complainant to communicate with an individual she met online regarding the incident with Thomas. Shortly before

trial, the court conducted a hearing to address Thomas's complaint that the State had failed to produce the laptop. The State maintained that it did not possess the laptop, that a forensic extraction had never been done on the laptop, and that the device had been returned to the complainant and was no longer available in usable form. The trial court declined to order production of evidence the State did not possess.

On appeal, Thomas argues the State violated Article 39.14 by failing to preserve and produce the laptop and related data. We review a trial court's ruling on an Article 39.14 discovery motion for abuse of discretion. *See State v. Heath*, 696 S.W.3d 677, 702 (Tex. Crim. App. 2024); *Howerton v. State*, No. 04-23-00677-CR, 2025 WL 2098676, at *12 (Tex. App.—San Antonio July 23, 2025, no pet.) (mem. op., not designated for publication). A trial court abuses its discretion only if its decision lies outside the zone of reasonable disagreement. *Id.*

Texas Code of Criminal Procedure article 39.14 provides that the State must, upon the defendant's request, allow the defendant access to reports, statements, and other documents in the State's possession that do not constitute work product. TEX. CODE CRIM. PROC. ANN. art. 39.14. Article 39.14 requires the State to disclose material evidence *in its possession, custody, or control*; it does not impose a duty to obtain evidence for the defense or to create evidence that does not exist. *See Watkins v. State*, 619 S.W.3d 265, 272–73 (Tex. Crim. App. 2021) (providing broad analysis of art. 39.14 in its current form) (emphasis added).

Where the record does not show the requested evidence exists at the time of trial or is in the State's possession, there is no Article 39.14 violation. *See Gonzales v. State*, No. 04-17-00263-CR, 2018 WL 5621879, at *8 (Tex. App.—San Antonio Oct. 31, 2018, pet. ref'd) (mem. op., not designated for publication) (finding no Article 39.14 violation where photos at issue had been deleted from phone and phone was not in State's possession); *see also Pena v. State*, 353 S.W.3d

797, 810 (Tex. Crim. App. 2011) (providing "[Article 39.14] do[es] not require prosecuting authorities to disclose exculpatory information to defendants that the State does not have in its possession and that is not known to exist"); *State v. Villarreal*, 692 S.W.3d 844, 852 (Tex. App.—Corpus Christi–Edinburg 2024, pet. ref'd) (emphasizing "evidence must be within the State's possession, custody, or control for purposes of an Article 39.14 compliance challenge"); *Mitchell v. State*, No. 01-23-00251-CR, 2024 WL 187385, at *7 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet.) (mem. op., not designated for publication) (noting "defendant has the burden to show the complained of evidence was in the State's possession but withheld").

In this case, the record reflects that law enforcement did not retain the laptop at issue and did not perform a forensic extraction from it; the device had been returned to its owner and was not in the State's possession when the defense requested it. If Thomas believed the laptop contained usable evidence, he could have sought it by compulsory process. *See* TEX. CODE CRIM. PROC. ANN. art. 24.03 (authorizing a subpoena duces tecum to direct a witness to produce in court "any instrument of writing or other thing" "in his possession …desired as evidence"). Because Article 39.14 does not require the State to retrieve third-party property or to create evidence it does not possess, the trial court did not abuse its discretion in denying the motion to compel. Thomas's third point of error is overruled.

### D. Plea Related Statements

We next address Thomas's challenge to the admission of a handwritten letter he sent to the prosecutor's office while he was in custody in a prior, unrelated case. The letter states, in substance, that he had been incarcerated for several months, had not yet met with his lawyer, did not know when his court date would be, and wanted to speak with someone about "making [a] deal." At trial, the State introduced this evidence during its cross examination of Thomas after he testified that,

in the previous case against him, he pleaded guilty only because his counsel had threatened him with forty years in prison if he did not accept the plea. The State offered the letter to rebut Thomas's claim that his plea was coerced by counsel and to show that he initiated contact with the prosecutor's office before even meeting with an attorney.

On appeal, Thomas argues that the letter constituted plea-related statements barred by Texas Rule of Evidence 410 and that its admission was unfairly prejudicial under Texas Rule of Evidence 403. We review evidentiary rulings under an abuse-of-discretion standard. *Jenkins v. State*, 493 S.W.3d 583, 609 (Tex. Crim. App. 2016). A trial court does not abuse its discretion if the decision to admit evidence is within the "zone of reasonable disagreement. " *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). We will not disturb the trial court's ruling if it is correct under any applicable theory of law. *Id.*

Thomas objected to the admission of the letter on relevance grounds. He did not object under Rule 403 or Rule 410. Because a complaint regarding the admission of evidence must be preserved by a timely and specific objection, this complaint was not preserved for appellate review. *See* TEX. R. APP. P. 33.1; *Glover v. State*, 496, S.W.3d 812, 816 (Tex. App—Houston [14th Dist.] 2016, pet. ref'd); *see also Foth v. State*, No. 03-18-00085-CR, 2019 WL 1474674, at *4 (Tex. App.—Austin Apr. 4, 2019, no pet.)(mem. op., not designated for publication) (finding waiver of Rule 410 claim where no objection regarding Rule 410 was made at trial); *Taylor v. State*, No. 10-05-00299-CR, 2006 WL 3317713, at *3 (Tex. App.—Waco Nov. 15, 2006, no pet.) (mem. op., not designated for publication) (noting "[t]o preserve a Rule 403 complaint, a specific objection on the basis of Rule 403 is required").

Even assuming preservation, the trial court did not abuse its discretion in admitting the letter. Thomas opened the door to rebuttal use of the letter by affirmatively testifying that his prior plea was the product of coercion by counsel. That testimony injected the circumstances of his prior plea into the case and created a misleading impression about why he pleaded guilty. When a defendant introduces plea related matters in a way that risks misleading the jury, the State may introduce otherwise restricted evidence to rebut that impression. *See Bowley v. State*, 310 S.W.3d 431, 436 (Tex. Crim. App. 2010) (holding it was permissible for the State to "establish and alternate inference" regarding previous plea where defendant opened the door). The letter was offered for the limited purpose of rebutting Thomas's claim of coercion by showing that he independently sought to initiate plea discussions before meeting with counsel.

Further, Thomas has failed to show how the admission affected his substantial rights. Non-constitutional error warrants reversal only if it had a substantial and injurious influence on the jury's verdict. *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023). Thomas bases his allegations of harm on his contention that the letter shifted the jury's focus from the facts of the present case to the facts of the previous case. We disagree. The exhibit was brief, limited in scope, and admitted for the narrow purpose of rebutting Thomas's claim that his plea had been coerced. The State did not argue that the letter showed guilt in the present case, emphasize the letter during closing argument or urge the jury to draw inference from the letter other than as it related to Thomas's claim of coercion. In light of the evidence that did support Thomas's conviction, the record does not support a claim that the admission of the letter had a substantial effect on the jury's verdict. Because he failed to preserve his complaint for appellate review, opened the door to the evidence he now challenges, and has not shown substantial harm, Thomas's fourth point of error is overruled.

### E. Extraneous Offenses

Thomas further complains that the trial court erred in admitting evidence of his five previous convictions for sexual offenses against two separate children because the evidence was unfairly prejudicial. Before trial, the State provided notice of its intent to offer evidence of appellant's prior child-sex offense convictions under Article 38.37. During trial, defense counsel injected appellant's prior case and guilty plea into opening statements, portraying the prior conviction as coerced and unreliable. The State later sought to admit the judgments and pen packet into evidence. Outside the presence of the jury, defense counsel objected on due process and separation of powers grounds, arguing that the evidence was inadmissible under Article 38.37. We review a trial court's decision to admit evidence pursuant to Article 38.37 for abuse of discretion. *See Singleton v. State*, 631 S.W.3d 213, 217 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *Henderson v. State*, No. 04-24-00727-CR, 2025 WL 3467551, at *1 (Tex. App.—San Antonio Dec. 3, 2025, no pet. h.) (mem. op., not designated for publication).

Although evidence of extraneous offenses is generally inadmissible to show character conformity, Article 38.37 permits the admission of such evidence as proof of the defendant's character and propensity to act in conformity with such character when the charged offense concerns the sexual abuse of a child. TEX. CODE CRIM. PROC. ANN. art. 38.37 §§ 2(a)(1)(B), (b); *see Deggs v. State*, 646 S.W.3d 916, 922 (Tex. App.—Waco 2022, pet. ref'd); *Ryder v. State*, 514 S.W.3d 391, 401 (Tex. App.—Amarillo 2017, pet. ref'd); *Harris v. State*, 475 S.W.3d 395, 398–400 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Article 38.37 specifically allows for the admission of evidence that the defendant has committed a separate offense of a sexual nature against a child. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b); *see Deggs*, 646 S.W.3d at 922; *Ryder*, 514 S.W.3d at 401; *Harris*, 475 S.W.3d at 398–400. However, such evidence is subject to

exclusion under Rule 403 if a proper objection or request is presented to the trial court. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); *see Rodriguez v. State*, 689 S.W.3d 386, 395 (Tex. App.—Corpus Christi–Edinburg 2024, pet. ref'd); *Keller v. State*, 604 S.W.3d 214, 228 (Tex. App.—Dallas 2020, pet. ref'd); *see also* TEX. R. EVID. 403.

The State argues that Thomas waived his right to maintain a Rule 403 complaint on appeal by failing to urge such a complaint at trial. Although Thomas's defense counsel lodged due process and separation of powers objections, the record reflects no request for a Rule 403 objection or request for a balancing ruling when the exhibits were offered. Preservation of a Rule 403 complaint requires the defendant to object at trial that the probative value of the extraneous offense is substantially outweighed by the risk of undue prejudice. *See Rodriguez*, 689 S.W.3d. at 396 (concluding appellant waived complaint where he did not object or request a balancing inquiry under Rule 403); *Keller*, 604 S.W.3d at 228 (finding no preservation where there was no Rule 403 objection before the trial court); *Lumsden v. State*, 564 S.W.3d 858, 898–99 (Tex. App.—Fort Worth 2018, pet. ref'd) (declining to address Rule 403 because appellant failed to preserve it in the trial court); *Alvarado v. State*, No. 04-14-00027-CR, 2014 WL 6475370, at *2 (Tex. App.—San Antonio Nov. 19, 2014, no pet.) (mem. op., not designated for publication) (finding waiver of Rule 403 issue where trial objection to Article 38.37 evidence was limited to a constitutional complaint). Because Thomas's trial objections do not comport with his complaints on appeal, the issue is not preserved for appellate review. *See* TEX. R. APP. P. 33.1.

Moreover, even without considering waiver or Article 38.37 admissibility, we would agree with the trial court that Thomas opened the door to the extraneous offense evidence by injecting the evidence of prior convictions and his guilty plea into opening statements and presenting the prior case as coerced and unreliable. In doing so, the defense created a misleading impression that

invited rebuttal. Once the door was opened, the trial court acted within its discretion to admit rebuttal proof identifying the facts of his prior convictions. *See De La Paz,* 279 S.W.3d at 344–45 (stating defense opening statement may open the door to the admission of extraneous offenses to rebut defensive theories); *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) (holding that defense claim in opening statement that victim fabricated her sexual assault allegation could be rebutted with evidence that defendant committed similar assaults against other children). In other words, even if error was preserved and the evidence was not admissible under Article 38.37, the facts favor admissibility given Thomas's own use of the prior case to advance his defense. Thomas's fifth point of error is overruled.

### F. Ability to Pay Inquiry

Finally, Thomas contends the trial court erred by assessing court costs without conducting an ability to pay inquiry on the record as required by Article 42.15(a-1) of the Texas Code of Criminal Procedure. Thomas maintains that the statute imposes a sua sponte duty on the trial court and that no objection was required to preserve error. We reject that argument. A complaint regarding the absence of an Article 42.15 inquiry is forfeitable and, in this case, was not preserved.

Article 42.15(a-1) directs the trial court to inquire on the record whether the defendant has sufficient resources to immediately pay fines and costs and to consider statutory alternatives if the defendant cannot. TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). Although the statute uses mandatory language, the Court of Criminal Appeals has held the right to this inquiry is not fundamental to the adjudicatory process and is therefore forfeitable if not properly asserted. *Cruz v. State*, 698 S.W.3d 265, 271 (Tex. Crim. App. 2024). Accordingly, the statute's mandatory language does not excuse preservation of error on appeal. *Id*.; *see Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017) (noting "responsibility of asserting forfeitable rights belongs to

the litigants ... not the trial judge [and] such rights will be unavailable on appeal if not urged at trial"). A defendant who fails to request an ability to pay inquiry fails to preserve error. *See Cruz*, 698 S.W.3d at 268–69.

Consistent with *Cruz*, this Court has repeatedly rejected the contention that a trial court's Article 42.15(a-1) obligation is reviewable absent an objection. *See, e.g., Mujica v. State*, No. 04-24-00402-CR, 2025 WL 1063447, at *1–2 (Tex. App.—San Antonio Apr. 9, 2025, pet. ref'd) (mem. op., not designated for publication); *Villareal v. State*, No. 04-24-00323-CR, 2025 WL 984592, at *1–2 (Tex. App.—San Antonio Apr. 2, 2025, no pet.) (mem. op., not designated for publication); *Ramos v. State*, No. 04-22-00240-CR, 2025 WL 700622, at *9–10 (Tex. App.—San Antonio Mar. 5, 2025, no pet.) (mem. op., not designated for publication); *Montejano v. State*, No. 04-23-00079-CR, 2024 WL 4965686, at *1–2 (Tex. App.—San Antonio Dec. 4, 2024, no pet.) (mem. op., not designated for publication).

The record in this case reflects that, when the trial court assessed court costs, defense counsel asked that those costs be waived based on Thomas's indigency. Counsel did not request an Article 42.15(a-1) inquiry, did not request that the court perform the statutory inquiry on the record, and did not otherwise invoke Article 42.15(a-1). Because Thomas did not timely and specifically complain about the absence of the ability to pay inquiry, the complaint is waived.[2] TEX. R. APP. P. 33.1(a); *Cruz*, 698 S.W.3d at 271. Thomas's sixth point of error is overruled.

---

[2] We note the trial court retains jurisdiction indefinitely to address and determine court costs in an inability to pay inquiry, and appellant may raise this issue in the trial court at any time. *Brode v. State*, No. 04-22-00802-CR, 2024 WL 5194655, at *3 (Tex. App.—San Antonio Dec. 23, 2024, no pet.).(citing *Cruz*, 698 S.W.3d at 269 ("The defendant need only tell the court of his hardship; and he may do so in person or by motion, letter, or 'any other method established by the court for that purpose.'")).

CONCLUSION

Because the evidence is legally sufficient to support the jury's finding of penetration and Thomas has not demonstrated reversible error in regard to the trial court's discretionary rulings, we affirm the judgments of the trial court.

H. Todd McCray, Justice

DO NOT PUBLISH